■ PATRICK SAMMON et al., Plaintiffs, v JOHN GREEN et al., Defendants. GOTTLIEB & GOTTLIEB, Appellants, v CHARLES S. LAZARUS, Respondent.—Order, Supreme Court, New York County, entered June 27, 1977, confirming the referee's report and directing appellants, as outgoing attorneys, to repay the incoming attorney $262.25 as disbursements paid by him to the appellants at the time of substitution and to pay to him a further sum representing 50% of the $7,600 fee net of disbursements unanimously modified, on

the facts, to provide that appellants pay a sum representing one third of the net fee or $2,445.92 to the incoming attorney plus repayment of disbursements of $262.25 or a total of $2,708.17, and to disaffirm the referee's report to that extent. Except, as so modified, the order is affirmed, without costs or disbursements. Appellants are directed to comply with the order, as modified, unless appellants have already complied with the terms of the order appealed from, in which case respondent is directed to repay the excess, in either event within 10 days of service of a copy of the order to be entered hereon with notice of entry. The parties are attorneys who seek to ascertain the amount due to each as the result of settlement of a personal injury suit for which they had been retained on a contingent fee basis. Initially, the plaintiffs in the action were firm in their resolve not to accept less than $100,000. Outgoing attorneys were retained by plaintiffs, summons was served and all the preliminary proceedings prior to the filing of a note of issue were completed. The case came on the Trial Calendar and the outgoing attorneys appeared, settlement discussions at the $20,000 level ensued but were unsuccessful. At this point they were discharged and the incoming attorney substituted. The case was settled for $21,000 upon the advice of the incoming attorney after the case had proceeded to trial and a jury selected by the incoming attorney. The affidavits and exhibits of the outgoing attorneys show a great deal of work and activity on behalf of the plaintiffs, while the incoming attorney's activity seemed to have been confined to adjourning the case, picking a jury and getting a settlement slightly larger than the $20,000 that appears to have been available months earlier. It is apparent that a substantial amount of hours were devoted to this case by the outgoing attorneys, and an award of 50% of the fee is insufficient for the services rendered. Concur—Birns, J. P., Silverman, Evans, Lane and Sandler, JJ.