■ BOARD OF MANAGERS OF THE BORO PARK VILLAGE-PHASE I CONDOMINIUM, Plaintiff, v BORO PARK TOWNHOUSE ASSOCIATES et al., Defendants. (And Other Actions.) HARTMAN, ULE, ROSE & RATNER, L. L. P., Nonparty Appellant-Respondent; TRIEF & OLK, Nonparty Respondent-Appellant. [726 NYS2d 606] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered September 14, 2000, which, in a dispute between plaintiff's outgoing and incoming counsel as to the division of a contingency fee earned in a property damage action, confirmed the Special Referee's report, dated June 23, 2000, finding that the outgoing attorneys were entitled to 45% of the $900,000 contingency fee, less $33,327 paid by the client, and that the incoming attorneys were entitled to the remainder, and denied the respective motions of the nonparty attorneys to disaffirm the report, unanimously affirmed, without costs.

The Special Referee correctly determined that, based upon an agreement between the outgoing and incoming attorneys regarding the division of legal fees, a number of factors should be considered in apportioning the fee, including the work performed, the amount recovered, the quality of services, the circumstances of the case, the contributions of the respective attorneys toward achieving the outcome and the time spent on the case (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d

454, 458; *Ebrahimian v Long Is. R. R.*, 269 AD2d 488, 489). The Special Referee's determination is substantiated by the record and, accordingly, should not be disturbed (*see Freedman v Freedman*, 211 AD2d 580; *Warney v Haddad*, 194 AD2d 478, *lv denied* 82 NY2d 658).

We have examined the incoming attorneys' contentions on their cross appeal and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ.