ELEANOR S. MARTIN, Plaintiff, v MARSHA FELTINGOFF et al., Defendants. LAW OFFICE OF JAMES J. KILLERLANE, Nonparty Appellant; GAIR, GAIR, CONASON, STEIGMAN & MACKAUF, Nonparty Respondent. [777 NYS2d 476]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 21, 2003, which apportioned 75% of the contingency fee to plaintiff's incoming attorneys, and the 25% remainder to the outgoing attorney, unanimously affirmed, without costs.

The incoming attorneys got the case mediation-ready and trial-ready by preparing and developing the damages portion, specifically, plaintiff's extensive emotional and psychological injuries arising from a horrific accident in which an out-of-control motor vehicle struck her as she dined inside a restaurant. Although the outgoing attorney may have devoted more hours to the case, time spent is just one of a number of factors to be considered in apportioning the fee. Others include quality of service and the contributions of the respective attorneys toward achieving the outcome (*Board of Mgrs. of Boro Park Vil.-Phase I Condominium v Boro Park Townhouse Assoc.*, 284 AD2d 237

[2001]), as well as the experience, ability and reputation of the attorneys (*Ebrahimian v Long Is. R.R.*, 269 AD2d 488 [2000]). Here, the quality of the incoming attorneys' work was of far greater significance in reaching the $1.9 million settlement. Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.