■ MARIA DIAKROUSIS, Plaintiff, v PETER MAGANGA et al., Defendants. FINKELSTEIN & PARTNERS, L.L.P., Nonparty Appellant-Respondent; TRIEF & OLK, Nonparty Respondent-Appellant. [878 NYS2d 668]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered July 27, 2007, which, in a dispute between plaintiff's outgoing and incoming counsel as to the division of a $1,000,000 contingency fee earned in a personal injury action, apportioned 70% of the contingency fee to plaintiff's incoming attorneys Finkelstein & Partners, L.L.P. (Finkelstein) and 30% to the outgoing attorneys Trief & Olk (T & O), unanimously affirmed, without costs.

The motion court's apportionment of the contingency fee was a provident exercise of discretion (*see Ebrahimian v Long Is. R.R.*, 269 AD2d 488 [2000]). The court analyzed the relevant factors including the amount of time spent by the attorneys on the case, the nature and quality of the work performed and the relative contributions of counsel toward achieving the outcome (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]). The record shows that T & O laid the foundation for the case in the eight months that they represented plaintiff, and obtained a $900,000 settlement offer, which plaintiff rejected. Finkelstein then handled the case for three more years, adding additional defendants, and obtained a settlement of $3,000,000 prior to the jury publishing its verdict following a 10-day trial. The motion court appropriately recognized the relative contributions of the attorneys in awarding 30% of the contingency fee to T & O (*see e.g. Martin v Feltingoff*, 7 AD3d 467 [2004], *lv denied* 3 NY3d 608 [2004]; *Pearl v Metropolitan Transp. Auth.*, 156 AD2d 281, 283 [1989]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, P.J., Tom, Catterson and Renwick, JJ.