■ LAW OFFICES OF MICHAEL LAMONSOFF, Respondent, v SEGAN, NEMEROV & SINGER, P.C., Appellant. [895 NYS2d 401]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered November 14, 2008, which, in an action between attorneys involving the division of a contingency fee earned on settlement of the underinsured portion of the client's claim, confirmed the report of the Special Referee allocating 93% of the fee to plaintiff incoming counsel and 7% to defendant outgoing counsel, unanimously affirmed, without costs.

The client was injured while a passenger in a car that was involved in a one-car, out-of-state accident. Outgoing counsel argues that having performed the work necessary to obtain the $25,000 offer under the driver's policy, which exhausted the limits of the driver's policy, it performed all the preparatory work that was necessary for incoming counsel's $1,470,000 settlement of the underinsured claim under the client's policy. We reject that argument and find ample support in the record for the Special Referee's implicit finding that outgoing counsel's work contributed very little to the underinsured settlement (*see Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705 [1985]; *cf. Diakrousis v Maganga*, 61 AD3d 469 [2009]).

While outgoing counsel prepared a summons and complaint against the driver and sent it to a process server, the next day, after the driver's carrier offered its $25,000 policy and confirmed that there was no excess coverage, outgoing counsel instructed the process server not to serve the driver, and advised the client that the offer should not be accepted without first obtaining the underinsured carrier's consent so as not to jeopardize the underinsured claim that outgoing counsel intended to make. It was incoming counsel, however, that contacted the underinsured carrier's adjuster, who had the authority to give such consent, unlike outgoing counsel, that merely contacted the driver's broker. And it was incoming counsel that resolved the adjuster's concern with underinsured coverage issues, such as

whether the driver was a member of the client's household and whether there was additional coverage on other vehicles owned by the driver's family, both conditions to obtaining the underinsured carrier's consent to settlement of the claim against the driver.

Furthermore, unlike outgoing counsel's requests for medical records, incoming counsel's requests were effective, and unlike outgoing counsel, incoming counsel substantiated its investigation of the possibility of a products liability case. Although the action commenced by incoming counsel against the driver may not have been necessary, and although incoming counsel initially sought the wrong type of arbitration against the wrong insurer, these do not appear to have involved undue expenditures of time. We note the parties' stipulation that incoming counsel was to have no claim to the one-third contingency fee on the $25,000 offer. Concur—Saxe, J.P., Sweeny, Freedman and Román, JJ.