■ ATLANTIC AVIATION INVESTMENT LLC, Respondent, v VARIG LOGISTICA, S.A., Appellant. [899 NYS2d 617]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 26, 2009, which confirmed the special referee's report, dated March 5, 2009, recommending an award

of attorney's fees to plaintiff in the amount of $1,118,956.07, unanimously affirmed, with costs.

As a threshold matter, defendant argues that plaintiff is not entitled to any attorney's fees in this matter because it was plaintiff's corporate parent that received and paid the legal bills. We decline to address this issue, raised for the first time on appeal (*see First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 447 [1983]; *Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]).

As to the merits, generally, a court will not disturb the findings of a special referee where those findings are supported by the record (*see Law Offs. of Michael Lamonsoff v Segan, Nemerov & Singer, P.C.*, 70 AD3d 603 [2010]; *Freedman v Freedman*, 211 AD2d 580 [1995]; *Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705 [1985]). Here, there was ample evidence supporting the reasonableness of the fees charged, as testified to by the member of plaintiff's corporate parent who reviewed and approved the legal invoices (*see Bleecker Charles Co. v 350 Bleecker St. Apt. Corp.*, 212 F Supp 2d 226, 230-231 [SD NY 2002]), and by the partner of plaintiff's New York counsel in charge of this litigation, which litigation was unnecessarily prolonged and complicated by defendant's own actions. The fees were also supported by extensive billing records. Even assuming, without deciding, that the billing records for Brazilian and Swiss counsel were improperly admitted into evidence, there was sufficient testimonial evidence, which the special referee credited, to support the billings, and to which testimony defendant expressly did not object. Defendant's general objections to the overall billing on this "simple matter," and its particular objections to specific charges, largely left unexplored by defendant on cross-examination at the hearing, are insufficient to warrant disturbing the special referee's recommendations. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.