■ Hassan Shabazz, Plaintiff, v City of New York et al., Defendants. (And a Third-Party Action.) The Perecman Firm, PLLC, Nonparty Appellant, v Segal & Lax, P.C., Nonparty Respondent. [942 NYS2d 89]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 2, 2011, which, after a hearing for the judicial determination of the apportionment of legal fees earned in a personal injury action, apportioned 15% or $110,126.98 of the net contingency fee to the outgoing attorneys Segal & Lax, P.C., and apportioned the remainder to the incoming attorneys the Perecman Firm, PLLC, unanimously modified, on the facts, to reduce the apportionment of the net contingency fee to Segal & Lax to 5%, and increase the apportionment to the Perecman Firm to 95%, and otherwise affirmed, without costs.

Although the outgoing attorneys served the notices of claim on the municipal defendants, obtained plaintiff's medical records, represented him in a municipal 50-h hearing, and commenced the action by filing and serving a summons and complaint, the record shows that the incoming attorneys performed significantly more work. Indeed, the incoming attorneys conducted all of the discovery and depositions in the case, retained all of the experts, selected a jury, represented plaintiff throughout the 10-day jury trial, obtained a $4 million verdict in plaintiff's favor, made and opposed post-verdict motions, and ultimately negotiated a $2.2 million settlement on plaintiff's behalf in an action that was complicated by plaintiff's credibility issues and the lack of witnesses. Accordingly, we modify the apportionment of the attorney's fee to the extent indicated (*see Brown v Governele*, 29 AD3d 617 [2006]; *Poulas v James Lenox House, Inc.*, 11 AD3d 332 [2004]; *Greenberg v Cross Is. Indus., Inc.*, 522 F Supp 2d 463, 469 [ED NY 2007]). Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.