■ MIGUEL DeJESUS, Plaintiff, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Defendants. (And a Third-Party Action.) LAW OFFICES OF LAWRENCE P. BIONDI, Nonparty Appellant, v SACKS AND SACKS, LLP, Nonparty Respondent. [972 NYS2d 22]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 13, 2012, which, after a hearing for the judicial determination of the apportionment of $1.3 million legal fees

earned in a personal injury action, apportioned 95% of the net contingency fee to incoming attorneys Sacks and Sacks, LLP (respondent) and the remaining 5% to the outgoing attorneys, the Law Offices of Lawrence P. Biondi (appellant), unanimously modified, on the facts, to increase the apportionment of the net contingency fee to appellant to 25%, and reduce the apportionment to respondent to 75%, and as so modified, affirmed, without costs.

As the outgoing counsel in this matter, appellant served notices of claim on the municipal defendant, obtained plaintiff's medical records, represented him in a General Municipal Law § 50-h hearing, commenced the action by filing and serving a summons and complaint, and conducted initial discovery, including responding to defendants' initial discovery demands, drafting and serving a bill of particulars, and drafting and serving discovery demands on behalf of plaintiff. Appellant also represented plaintiff at the preliminary conference. Under these circumstances, appellant performed significantly more work than did outgoing counsel in *Shabazz v City of New York* (94 AD3d 569 [1st Dept 2012]), wherein the award was reduced from 15% to 5%, and upon which the Supreme Court primarily relied in setting appellant's apportionment at 5%. Nonetheless, we recognize that incoming counsel performed the lion's share of the work on this case, including continuing discovery, conducting depositions, retaining experts, obtaining an award of summary judgment on the issue of liability, and successfully mediating a $3.9 million settlement in this personal injury action. Accordingly, we modify the apportionment of the attorney's fee to the extent indicated (*see Poulas v James Lenox House, Inc.*, 11 AD3d 332 [1st Dept 2004]; *Pearl v Metropolitan Transp. Auth.*, 156 AD2d 281 [1st Dept 1989]). Concur—Gonzalez, P.J., Mazzarelli, Acosta and Renwick, JJ.