■ HAN SOO LEE et al., Plaintiffs, v RIVERHEAD BAY MOTORS et al., Defendants. EDWARD H. SUH AND ASSOCIATES, P.C., Nonparty Appellant; LAW OFFICE OF KENNETH A. WILHELM, Nonparty Respondent. [972 NYS2d 240]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 18, 2011, which, after a hearing, apportioned less than 5% of the net contingency fee earned in a personal injury action to plaintiffs' outgoing attorneys, nonparty appellant Edward H. Suh and Associates, P.C., and the remainder to the incoming attorneys, Law Office of Kenneth A. Wilhelm, unanimously affirmed, without costs.

The motion court properly apportioned the legal fee to reflect that, while the Suh firm's services placed plaintiffs on the right path, the Wilhelm firm's extensive and complex work dwarfed the Suh firm's contribution (*see e.g. Shabazz v City of New York*, 94 AD3d 569 [1st Dept 2012]). The Suh firm, which represented plaintiffs for approximately six months, conducted preliminary investigative work, including interviewing the injured plaintiff, inspecting and taking photographs of the construction site where plaintiff's accident occurred, communicating with plaintiff's employer and treating physicians, and obtaining accident reports, medical records and an unsigned statement from an eyewitness to the accident. It commenced an action and prepared initial discovery demands and responses, and retained counsel to file and prosecute plaintiff's workers' compensation case. Edward H. Suh performed approximately 28 hours of work

on the matter, one third of which was devoted to travel, and an associate performed 15 hours of work. In contrast, the Wilhelm firm prosecuted the action for 7½ years and expended thousands of hours. It conducted and defended depositions, obtained summary judgment on liability, participated in mediation sessions, retained experts, represented plaintiffs in a two-week trial, successfully appealed the verdict in that trial and re-tried the action, settled the action during the second trial, and defended plaintiffs' interests in an ancillary declaratory judgment action. Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ. **[Prior Case History: 2011 NY Slip Op 32849(U).]**