Order, Supreme Court, Bronx County (Larry S. Schachner, J), entered on or about February 21, 2013, which apportioned attorneys’ fees 97.5% to plaintiffs incoming attorneys (nonparty respondent) and 2.5% to his outgoing attorneys (nonparty appellant), unanimously modified, on the facts, to increase appellant’s portion to 5% and reduce respondent’s portion to 95%, and as so modified, affirmed, without costs.
During the four months it represented plaintiff, appellant prepared and filed a bill of particulars, prepared and filed discovery demands and responses to defendants’ discovery demands, obtained plaintiffs medical records, and retained two experts. Respondent, which represented plaintiff in two stints over the course of several years, performed the lion’s share of the work, including representing plaintiff in a General Municipal Law § 50-h hearing, commencing the action by filing and serving a summons and complaint, preparing a summary judgment motion, continuing discovery, and successfully mediating a $3 million settlement in this personal injury action. Under the circumstances, we find that appellant’s relative contributions are comparable to the work performed by outgoing counsel in *465 recent matters where an award of 5% or nearly 5% was found appropriate (see Han Soo Lee v Riverhead Bay Motors, 110 AD3d 436, 436 [1st Dept 2013]; Rosado v Alhati, 109 AD3d 753 [1st Dept 2013], lv denied 22 NY3d 864 [2014]; Shabazz v City of New York, 94 AD3d 569 [1st Dept 2012]).
Concur — Friedman, J.E, Acosta, Saxe, Feinman and Gische, JJ.