■ LOURDES M. RIVERA, Plaintiff, v ERIC WALTER et al., Defendants. MORELLI ALTERS RATNER, P.C., Appellant, v CORPINA, PIERGROSSI, KLAR & PETERMAN, LLP, et al., Respondents. [996 NYS2d 34]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 19, 2013, which apportioned 60% of plaintiff's attorneys' fees to her incoming attorneys, appellant Morelli Alters Ratner, P.C., 15% to her first outgoing attorney, respondent Mark Kressner, Esq., and 25% to her second outgoing attorneys, respondent Corpina, Piergrossi, Klar & Peterman, LLP, unanimously affirmed, without costs.

The motion court, which presided over this matter from its inception, observed first-hand the amount of time spent by the attorneys on the case, the nature and quality of the work performed, and the relative contributions of counsel toward achieving the outcome, and properly analyzed these factors (*see Diakrousis v Maganga*, 61 AD3d 469 [1st Dept 2009]). The rec-

ord shows that Kressner commenced the suit, served various discovery demands, attended court conferences, and filed a bill of particulars, but did the least work of all plaintiff's attorneys during his more than 3½ years representing plaintiff, warranting only 15% of the fees. The Corpina firm's contributions in, among other things, defending plaintiff's two depositions, warrant 25% of the award, and the remaining 60% is appropriately apportioned to Morelli (*see e.g. Castellanos v CBS Inc.*, 89 AD3d 499 [1st Dept 2011]).

While Morelli contributed significantly to the settlement at mediation, deposed one of the defendant doctors, obtained and reviewed relevant medical records, and consulted with an expert, among other things, it nevertheless did not do as much work as the incoming attorneys in the cases it cites, such as preparing for and representing plaintiff at trial, making substantive pretrial motions, and taking an appeal (*compare Han Soo Lee v Riverhead Bay Motors*, 110 AD3d 436 [1st Dept 2013]).

Morelli cites no evidence that the Corpina firm was discharged for cause, and insufficient evidence to demonstrate that Kressner was discharged for cause. Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.