Evans v Garcia (2021 NY Slip Op 07508)





Evans v Garcia


2021 NY Slip Op 07508


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Index No. 25345/16E Appeal No. 14930 Case No. 2020-03091 

[*1]Thomas Evans, Plaintiff,
v
Pablo Garcia et al., Defendants.
Harry I. Katz P.C., Nonparty Appellant,
v
Kaston & Aberle, LLP, Nonparty Respondent.


Shayne, Dachs, New York (Jonathan A. Dachs of counsel), for appellant.
Kaston & Aberle, LLP, Mineola (Richard M. Aberle of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered June 17, 2020, which, after a hearing to determine the apportionment of legal fees, awarded 55% of the contingency fee to incoming counsel, Kaston & Aberle, LLP (K&A) and 45% to outgoing counsel, Harry I. Katz, P.C. (Katz Firm), unanimously modified, on the facts and in the exercise of discretion, to increase the apportionment of the fee to the Katz Firm to 75% and reduce the apportionment to K&A to 25%, and, as so modified, affirmed, without costs.
The record shows that the Katz Firm performed the bulk of the work that contributed to the settlement of plaintiff's case and that it is therefore entitled to a larger share of the fees (see e.g. Diakrousis v Maganga, 61 AD3d 469 [1st Dept 2009]; Sammon v Green, 63 AD2d 872, 873 [1st Dept 1978]; Tucker v Schwartzapfel Lawyers, P.C., 196 AD3d 527, 529 [2d Dept 2021]). During the 13 months that the Katz Firm managed the case, it prepared and laid the groundwork for the settlement by, among other things, investigating the accident scene; preparing, filing, and serving the summons and complaint and bill of particulars; serving and responding to discovery demands; obtaining summary judgment on the issue of liability; moving the case forward to the issue of damages; preparing and defending plaintiff at his deposition; obtaining plaintiff's medical records; observing plaintiff's orthopedic IME; and filing the note of issue. Furthermore, the Katz Firm obtained summary judgment on liability, which was a significant achievement under the legal standard in effect before Rodriguez v City of New York (31 NY3d 312 [2018]) was decided. During the approximately 12 months that K&A subsequently managed the case, it negotiated damages with the insurance adjustor, attended several pretrial conferences and a mediation, secured a settlement, and resolved lien issues. The other work performed by K&A was insignificant and immaterial.
The record does not support K&A's contention that the Katz Firm was unable to secure an offer and that K&A's efforts were the driving force behind the settlement. It
indicates that the Katz Firm had not received a number that was worth negotiating and was strategically waiting for the matter to proceed to trial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021