Salas-Aleman v Lenox Manor Owners, Inc. (2022 NY Slip Op 06646)

Salas-Aleman v Lenox Manor Owners, Inc.

2022 NY Slip Op 06646

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 304012/13E Appeal No. 16721 Case No. 2021-02188 

[*1]Casimiro Salas-Aleman, Plaintiff,
v
Lenox Manor Owners, Inc., et al., Defendants. (And a Third-Party Action.)
The Flomenhaft Law Firm, PLLC, Nonparty Appellant,
v
Wingate, Russotti, Shapiro & Halperin, LLP, Nonparty Respondent.

The Flomenhaft Law Firm, PLLC, New York (Andrew Wanger of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Theresa Ciccotto, J.), entered on or about May 28, 2021, which, in a dispute between plaintiff's outgoing and incoming counsel as to the division of a contingency fee earned in a personal injury action, granted the motion of Wingate, Russotti, Shapiro & Halperin LLP (Wingate) to the extent of allocating to it 90% of the fee, unanimously affirmed, without costs.
The motion court providently exercised its discretion in allocating total counsel fees based on the proportionate share of work performed (see Lai Ling Cheng v Mondansky Leasing Co., 73 NY2d 454, 458 [1989]). The record shows that Wingate represented plaintiff in this personal injury action for six years and commenced the suit, served various discovery demands, conducted depositions, attended court conferences, filed and argued motions, and attended a mediation during which it informed plaintiff that it could obtain a settlement in the range of $1.5 to $2.1 million, although the settlement offer at the end of the mediation was $150,000. Dissatisfied with that outcome, plaintiff terminated his relationship with Wingate and retained The Flomenhaft Law Firm (FLF). During its one-year representation of plaintiff, FLF opposed defendants' motion for summary judgment, developed a special damages portfolio, prepared a mediation brief, and brokered a $1.725 million settlement offer at mediation. After accepting that offer, plaintiff apparently became unhappy with FLF's representation and rehired Wingate.
Although FLF's legal work might have contributed to the ultimate settlement, there is insufficient evidence to support its contention that its representation was pivotal in resolving the case. On the contrary, the record suggests that a settlement offer between $1.5 million and $2.1 million was already being contemplated at the first mediation, undermining FLF's assertion. Thus, we find no reason to disturb the motion court's award to FLF of 10% of the total counsel fees (see Han Soo Lee v Riverhead Bay Motors, 110 AD3d 436, 436 [1st Dept 2013]).
In light of our determination, we need not address FLF's and Wingate's remaining arguments regarding the hiring of Case Quest, Inc., a litigation support
company owned by Michael Flomenhaft of FLF, which are irrelevant to the allocation of counsel fees in this case. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022