■ In the Matter of GARY E. ROSENBERG, P. C., Appellant, v JAMES P. McCORMACK et al., Respondents. [672 NYS2d 892] —In a proceeding to fix attorneys' fees, the petitioner appeals from (1) a decision of the Supreme Court, Kings County (Cannizzaro, J.H.O.), dated March 24, 1997, and (2) an order of the same court, dated April 21, 1997, entered upon the decision, which, after a hearing, fixed his fee in the sum of only $14,724.78.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is modified, on the law and the facts, by deleting from the first decretal paragraph thereof the sum of $14,724.78 and substituting therefor the sum of $26,504.62; as so modified, the order is affirmed, without costs or disbursements.

When there is a fee dispute between outgoing and incoming attorneys, the outgoing attorney may elect to receive either immediate compensation based on quantum meruit for the reasonable value of services rendered or a contingent percentage

fee based on the proportionate share of the work performed on the entire case (see, *Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458; *Schneebalg v Lincoln Sec. Life Ins. Co.*, 225 AD2d 684). Here, the petitioner, the outgoing attorney, elected to receive a contingent percentage fee at the conclusion of the underlying personal injury action (see, *Lai Ling Cheng v Modansky Leasing Co., supra*). Consequently, the court erred to the extent that it fixed his fee based on quantum meruit. Because the record is sufficient for us to determine the appropriate fee, it is unnecessary to remit the matter for a new determination.

Considering the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel (see, *Lai Ling Cheng v Modansky Leasing Co., supra,* at 458, 459), we find that the petitioner is entitled to 20% of the total net contingent fee recovered in the personal injury action.

In light of our determination, it is unnecessary to address the petitioner's remaining contention. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.