■ ARIANE GROSSMAN, Respondent, v STEVEN GROSSMAN, Appellant. [688 NYS2d 664] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) findings of fact and conclusions of law of the Supreme Court, Westchester County (Nicolai, J.), dated September 18, 1997, and (2) stated portions of an amended judgment of the same court, entered November 5, 1997, which, *inter alia,* (a) directed that he pay prospective spousal maintenance for 15 years, (b) selected certain dates for the valuation of marital assets, (c), upon a finding that he had dissipated assets, made a distributive award to the plaintiff based thereon, (d) classified a gift of $50,000 by the plaintiff's stepfather as her separate property, (e) directed that he pay the college expenses for the parties' children, and (f) awarded the plaintiff an attorney's fee in the sum of $50,000.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as the findings of fact and conclusions of law are not separately appealable (*see, Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Booksa v Booksa,* 246 AD2d 567); and it is further,

Ordered that the amended judgment entered November 5, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Upon consideration of the relevant factors governing the award of maintenance (*see,* Domestic Relations Law § 236 [B] [6]), we discern no impropriety in the trial court's award of maintenance to the plaintiff for a period of 15 years.

We decline to disturb the Supreme Court's award of an at-

torney's fee to the plaintiff in the sum of $50,000. The award of a reasonable counsel fee is a matter within the sound discretion of the trial court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879). The issue of counsel fees is controlled by the equities and circumstances of each particular case. The court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate (*see,* Domestic Relations Law § 237 [a]; *Tayar v Tayar,* 250 AD2d 757). Taking these factors into account, we find that the court properly awarded the attorney's fee to the plaintiff.

The defendant's remaining contentions are either without merit or do not warrant reversal. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.