■ BENJAMIN EBRAHIMIAN, Plaintiff, v LONG ISLAND RAILROAD et al., Defendants. SHAYNE, DACHS, STANISCI, CORKER & SAUER, Nonparty Appellant; OSHMAN & HELFENSTEIN, L. L. P., Nonparty Respondent. [703 NYS2d 731] —In an action to recover

damages for personal injuries, the nonparty appellant appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated February 18, 1999, which, upon apportioning the legal fees from a settlement in the underlying personal injury action, set its fee at $2,500.

Ordered that the order is affirmed, with costs.

It is well settled that the award of reasonable counsel fees is within the sound discretion of the trial court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879) based upon factors such as the time and labor required, the difficulty of the questions involved, the skill required to handle the matter, and the attorneys' experience, ability, and reputation (*see, Matter of Ury,* 108 AD2d 816). The issue of the apportionment of attorneys' fees is controlled by the circumstances and equities of each particular case (*see, Grossman v Grossman,* 260 AD2d 602), and the trial court is in the best position to assess these factors (*see, Matter of Braham v Braham,* 264 AD2d 418). Under the facts of this case, the Supreme Court providently exercised its discretion in the apportionment of the legal fees. O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.