■ KEVIN J. CARR et al., Plaintiffs, v WEGMANS FOOD MARKETS, INC., Defendant. RICHARD G. VOGT, P.C., Appellant; MORAN & KUFTA, P.C., Respondent. [735 NYS2d 440] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiffs retained Richard G. Vogt, P.C. (Vogt) to pursue a lawsuit against defendant, and Vogt commenced the action on July 16, 1997. On November 12, 1998, plaintiffs signed a retainer with Moran & Kufta, P.C. (Moran & Kufta). Vogt refused to turn over the file to Moran & Kufta until they reached an agreement on the apportionment of attorneys' fees. When they were unable to agree upon an apportionment, Moran & Kufta brought a motion seeking 80% of the fees earned on a contingency basis. Supreme Court ordered that the attorneys' fees would be divided on a contingency basis by the court at the conclusion of plaintiffs' lawsuit. After the lawsuit was settled, Moran & Kufta made a motion for apportionment of attorneys' fees. At the return date of the motion, the court scheduled a pretrial conference. Prior to the scheduled date, the court requested that each law firm submit an hourly itemization of the services rendered. Each firm submitted the requested information in a letter to the court. In a subsequent letter to the court, Moran & Kufta contested certain items included by Vogt. Vogt then responded thereto, stating, "We have no comments at this time concerning the list of services and time submitted by Moran & Kufta, leaving any such questions to time of trial or hearing." Prior to the scheduled date of the pretrial conference, the court apportioned 80% of the attorneys' fees to Moran & Kufta and 20% to Vogt. We conclude that on these facts a hearing is required in order to determine "the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel" (*Matter of Gary E. Rosenberg, P. C. v McCormack*, 250 AD2d 679, 680; *see, Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458). Thus, we reverse the order and remit the matter to Supreme Court for a hearing before a different Justice to determine the proper

apportionment of attorneys' fees. (Appeal from Order of Supreme Court, Monroe County, Barry, J.—Counsel Fees.) Present—Pigott, Jr., P. J., Wisner, Scudder, Burns and Gorski, JJ.