■ EUDEAN JUSTE et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants. LOUIS C. FIABANE, Nonparty Appellant; ARYE, LUSTIG & SASSOWER, P.C., Nonparty Respondent. [773 NYS2d 597]—

In an action to recover damages for personal injuries, etc., nonparty Louis C. Fiabane appeals, on the ground of inadequacy, from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated September 23, 2003, which, after a hearing, awarded him an attorney's fee in the amount of only $1,116.33.

Ordered that the order is modified by deleting the provision thereof awarding Louis C. Fiabane $1,176.33 and substituting therefor a provision awarding him $2,500.00; as so modified, the order is affirmed, with costs to the appellant payable by the respondent.

An award of a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed (see *Ebrahimian v Long Is. R.R.,* 269 AD2d 488 [2000]; *Olson v City of New York,* 257 AD2d 653 [1999]). The issue of the apportionment of attorneys' fees is controlled by the circumstances and equities of each particular case (see *Grossman v Grossman,* 260 AD2d 602 [1999]), and the Supreme Court is in the best position to assess these factors. Under the facts of this case, however, we find that the Supreme Court improvidently exercised its discretion in the award of the attorney's fee to the extent indicated herein (cf. *Matter of Gary E. Rosenberg, P.C. v McCormack,* 250 AD2d 679 [1998]). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.