■ PIOTR PODBIELSKI et al., Plaintiffs, v KMO 361 REALTY ASSOCIATES et al., Defendants. RONI DERSOVITZ, Nonparty Appellant; DAVID H. PERECMAN & ASSOCIATES, PLLC, Nonparty Respondent. (And a Third-Party Action.) [774 NYS2d 826]—

In an action, inter alia, to recover damages for personal injuries, etc., Roni Dersovitz, a member of Perecman & Dersovitz, P.C., the former attorney for the plaintiffs, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated January 8, 2003, as, after a hearing, awarded Perecman & Dersovitz, P.C., only 60% of the net contingency fee in the action, and awarded David H. Perecman & Associates, PLLC, 40 % of the net contingency fee in the action.

Ordered that the order is modified, on the law and the facts, and in the exercise of discretion, by increasing the award to Perecman & Dersovitz, P.C., to 95% of the net contingency fee in the action and decreasing the award to David H. Perecman & Associates, PLLC, to 5% of the net contingency fee in the action; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

Perecman & Dersovitz, P.C. (hereinafter P & D), the outgoing counsel, commenced an action on the plaintiffs' behalf, conducted discovery, successfully moved for summary judgment on

the issue of the defendants' liability, represented the plaintiffs at a trial on the issue of damages, which resulted in a verdict of approximately $1,800,000, and, when the defendants appealed, hired a law firm specializing in appellate practice to handle the appeal on behalf of the plaintiffs. When P & D dissolved, one of its members formed David H. Perecman & Associates, PLLC (hereinafter P & A), the incoming firm. P & A offered assistance and advice to appellate counsel during the course of the appeal. After the defendants were unsuccessful and were denied leave to appeal to the Court of Appeals, P & A arranged for the collection of the amount of the judgment, plus interest.

Considering the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]; *Matter of Gary E. Rosenberg, P.C. v McCormack*, 250 AD2d 679 [1998]), the Supreme Court's assessment of the legal services provided by P & A was significantly overvalued and constituted an improvident exercise of discretion (*see Pearl v Metropolitan Transp. Auth.*, 156 AD2d 281, 283 [1989]; *cf. Clifford v Pierce*, 214 AD2d 697 [1995]). We modify accordingly. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.