■ KEITH BROWN, Plaintiff, v JEFFREY GOVERNELE et al., Defendants. TRIEF & OLK, Nonparty Appellant; HARRY I. KATZ, P.C., Nonparty Respondent. [815 NYS2d 651]—

In an action to recover damages for personal injuries, nonparty Trief & Olk, the plaintiff's current attorney, appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated April 28, 2005, which granted its motion only to the extent of awarding it 60% of the net contingency fee in the action and awarding Harry I. Katz, P.C., the plaintiff's former attorney, 40% of the net contingency fee in the action.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof granting the motion to the extent of awarding Trief & Olk 60% of the net contingency fee and awarding Harry I. Katz, P.C., 40% of the net contingency fee and substituting therefor a provision granting the motion to the extent of awarding Trief & Olk 95% of the

net contingency fee and Harry I. Katz, P.C., 5% of the net contingency fee in the action; as so modified, the order is affirmed, with costs to the appellant payable by the respondent.

Harry I. Katz, P.C., the outgoing counsel, commenced this action on the plaintiff's behalf. Trief & Olk, the incoming counsel, filed an amended summons and complaint on behalf of the plaintiff, conducted discovery, successfully opposed a motion for summary judgment on the issue of the liability of the defendant Federal Express Corporation, and represented the plaintiff at mediation, which resulted in a settlement for the sum of $300,000.

Considering the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]; *Podbielski v KMO 361 Realty Assoc.*, 6 AD3d 597 [2004]; *Matter of Gary E. Rosenberg, P.C. v McCormack*, 250 AD2d 679 [1998]), we find that the Supreme Court's assessment of the legal services provided by Harry I. Katz, P.C., was significantly overvalued and constituted an improvident exercise of discretion (*see Podbielski v KMO 361 Realty Assoc., supra; Lanfranchi v Polatsch*, 246 AD2d 513 [1998]; *Lai Ling Cheng v Modansky Leasing Co.*, 153 AD2d 839 [1989]). Accordingly, we modify the apportionment of the attorney's fee to the extent indicated herein. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.