■ LAWRENCE R. HINDS, Plaintiff, v PATRICK KILGALLEN et al., Defendants. LAW OFFICES OF DAVID B. GOLOMB, Nonparty

Appellant; ROGER VICTOR ARCHIBALD, PLLC, Nonparty Respondent. [920 NYS2d 675]—

In an action to recover damages for personal injuries, nonparty Law Offices of David B. Golomb, the plaintiff's current counsel, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated July 9, 2009, as granted its cross motion, in effect, to reject a report of a judicial hearing officer dated April 9, 2008, only to the extent of awarding it 95% of the net contingency fee realized by it following settlement of this action and awarding nonparty Roger Victor Archibald, PLLC, the plaintiff's former counsel, 5% of the net contingency fee in the action.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the cross motion of the nonparty Law Offices of David B. Golomb is granted in its entirety, and it is awarded 100% of the net contingency fee.

Initially, in calculating the qualitative value of the legal services rendered by Roger Victor Archibald, PLLC, the plaintiff's former counsel, the Supreme Court properly used a percentage of the contingency fee obtained by the Law Offices of David B. Golomb, the plaintiff's current counsel, rather than a fixed amount based upon the number of hours worked multiplied by the plaintiff's former counsel's hourly rate (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 459 [1989]; *Nabi v Sells*, 70 AD3d 252, 254 [2009]; *Padilla v Sansivieri*, 31 AD3d 64, 65-68 [2006]). However, an award of 5% of the net contingency fee to the plaintiff's former counsel constituted an improvident exercise of discretion (*see Brown v Governele*, 29 AD3d 617, 618 [2006]; *Podbielski v KMO 361 Realty Assoc.*, 6 AD3d 597 [2004]; *Lanfranchi v Polatsch*, 246 AD2d 513 [1998]; *Lai Ling Cheng v Modansky Leasing Co.*, 153 AD2d 839 [1989]).

Based upon the amount of time spent by both the former and current attorneys on this action, the nature of the work performed, and their relative contributions (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d at 458; *Brown v Governele*, 29 AD3d at 618; *Podbielski v KMO 361 Realty Assoc.*, 6 AD3d

597 [2004]; *Matter of Gary E. Rosenberg, P.C. v McCormack*, 250 AD2d 679 [1998]), we disagree with the Supreme Court's assessment of the legal services provided by the plaintiff's former counsel. The plaintiff's former counsel provided no time records (*cf. Buchta v Union-Endicott Cent. School Dist.*, 296 AD2d 688, 690 [2002]), its contributions were minimal, and its efforts were ultimately of no value, as all of its work had to be duplicated by the plaintiff's current counsel.

Accordingly, the cross motion of the plaintiff's current counsel should have been granted in its entirety, and it should have been awarded 100% of the net contingency fee. Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.