■ APRIL PEARSE, Plaintiff, v VALERIE DELEHANTY, Defendant. PARKER WAICHMAN LLP, Nonparty Appellant; GRACE & GRACE, Nonparty Respondent. [964 NYS2d 557]—

In an action to recover damages for personal injuries, nonparty Parker Waichman LLP, the plaintiff's former counsel, appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered September 23, 2011, which, upon granting the motion of nonparty Grace & Grace, the plaintiff's current counsel, for a determination of the allocation of legal fees to be paid to Grace & Grace and Parker Waichman LLP, awarded Grace & Grace 90% of the net contingency fee following settlement of this action and Parker Waichman LLP 10% of the net contingency fee in the action.

Ordered that the order is modified, on the facts and in the exercise of discretion, by increasing the award to Parker Waichman LLP to 20% of the net contingency fee in the action and reducing the award to Grace & Grace to 80% of the net contingency fee in the action; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, while operating a motor vehicle, was injured when an automobile operated by the defendant's decedent (hereinafter the decedent) struck her vehicle. Parker Waichman LLP, the plaintiff's former counsel, commenced this action on the plaintiff's behalf, investigated other possible claims on the plaintiff's behalf, and obtained a settlement offer from the decedent's insurer in the sum of $100,000. After the offer was rejected, Grace & Grace, the plaintiff's current counsel, represented the plaintiff at a nonjury trial on the issue of damages, won a significant award, and resolved an outstanding lien in favor of the plaintiff.

The Supreme Court improvidently exercised its discretion in awarding 90% of the net contingency fee in the action to the plaintiff's current counsel (*see Hinds v Kilgallen*, 83 AD3d 781, 782 [2011]; *Brown v Governele*, 29 AD3d 617, 618 [2006]; *Podbielski v KMO 361 Realty Assoc.*, 6 AD3d 597 [2004]). While the plaintiff's current counsel performed significant work in securing the ultimate award and in reducing the lien amount

owed by the plaintiff, other work performed by the plaintiff's current counsel was duplicative of the work performed by the plaintiff's former counsel, or was of no value (*see Hinds v Kilgallen*, 83 AD3d at 783; *Reyes v Wootos Realty, Inc.*, 37 AD3d 276 [2007]; *cf. Kottl v Carey*, 85 AD3d 870, 872 [2011]). Considering the amount of time spent by the plaintiff's former and current counsel on this action, the nature of the work performed, and their relative contributions (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]; *Brown v Governele*, 29 AD3d at 618; *Podbielski v KMO 361 Realty Assoc.*, 6 AD3d 597 [2004]), we modify the order appealed from so as to award 20% of the net contingency fee in the action to the plaintiff's former counsel and 80% of the net contingency fee in the action to the plaintiff's current counsel. Hall, J.P., Roman, Sgroi and Cohen, JJ., concur.