◼ ERIC WODECKI, Plaintiff, v INNA VINOGRADOV et al., Defendants. GRUENBERG KELLY DELLA, Nonparty Appellant; WINGATE RUSSOTTI SHAPIRO & HALPERIN, LLP, Nonparty Respondent, et al., Nonparty. [2 NYS3d 590]—

In an action to recover damages for personal injuries, nonparty Gruenberg Kelly Della appeals from an order of the

Supreme Court, Nassau County (Diamond, J.), entered March 17, 2014, which, after an inquest, granted its motion for an award of an attorney's fee only to the extent of awarding it 25% thereof and awarding the remaining 75% to nonparty Wingate Russotti Shapiro & Halperin, LLP.

Ordered that the order is affirmed, with costs.

When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, "[t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (*Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]). "Where a firm has not elected to receive a fixed fee upon discharge, there is a presumption that the firm has instead chosen a proportionate share of a contingency fee" (*Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc.*, 41 AD3d 367, 370 [2007]). "An award of a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (*Juste v New York City Tr. Auth.*, 5 AD3d 736, 736 [2004]; *see Brown v Governele*, 29 AD3d 617, 618 [2006]). Based upon the record in this case, it cannot be said that the Supreme Court's award of 25% of the attorney's fee to Gruenberg Kelly Della was an improvident exercise of discretion. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.