■ RAUL MONTANEZ, Plaintiff, v JEFFREY M. BROWN ASSOCIATES, INC., et al., Defendants. SILBERSTEIN, AWAD & MIKLOS, P.C., Nonparty Appellant; LAW OFFICES OF EDMOND C. CHAKMAKIAN, P.C., Nonparty Respondent. [16 NYS3d 304]—

In an action to recover damages for personal injuries, nonparty Silberstein, Awad & Miklos, P.C., appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 29, 2014, which, after a hearing, granted the motion of nonparty Law Offices of Edmond C. Chakmakian,

P.C., in effect, pursuant to Judiciary Law § 475 to impose a charging lien against certain settlement proceeds to the extent of directing Silberstein, Awad & Miklos, P.C., to disburse to Law Offices of Edmond C. Chakmakian, P.C., the sum of $43,471.02, representing 20% of a contingency fee of $217,355.08.

Ordered that the order is modified, on the facts and in the exercise of discretion, by reducing the sum to be disbursed to Law Offices of Edmond C. Chakmakian, P.C., from $43,471.02 to $21,735.51, representing 10% of the contingency fee of $217,355.08; as so modified, the order is affirmed, with costs to the appellant.

At a hearing, Edmond C. Chakmakian, the principal of nonparty Law Offices of Edmond C. Chakmakian, P.C., testified that he commenced this action on behalf of the plaintiff against a general contractor to recover damages for personal injuries sustained by the plaintiff in a construction accident. He handled the case through the initial stages of discovery. At the hearing, Chakmakian was asked how much time he spent preparing the "plaintiff's response to combined demands," and in response, he testified, "[i]f you want me to estimate, I would say the entire package, with the bill of particulars, response [to combined demands], my demand, so forth, probably [a] day and a half." His representation of the plaintiff terminated approximately 10 months after the action was commenced.

In contrast, the evidence adduced at the hearing demonstrated that nonparty Silberstein, Awad & Miklos, P.C. (hereinafter SAM), spent a significant amount of time on the case. SAM added defendants to the action, conducted discovery, including depositions, conducted motion practice, and proceeded to mediation over a period of approximately 4½ years.

Although Chakmakian laid the groundwork for this action and the plaintiff's recovery, in view of the relative time spent by him as compared with SAM, the award to Law Offices of Edmond C. Chakmakian, P.C., of 20% of the contingency fee of $217,355.08 was an improvident exercise of discretion. We therefore reduce the award to 10% of the contingency fee (see *Matter of Sucheron*, 95 AD3d 892 [2012]; *Catinella v Mecca & Son Trucking Corp.*, 90 AD3d 966 [2011]). Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.