■ Christopher J. Ficaro et al., Plaintiffs, v C.M. Alexander, Also Known as Christina M. Alexander, Defendant. Bonita E. Zelman, Nonparty Appellant; Irom Wittels Freund Berne & Serra, P.C., Nonparty Respondent. [37 NYS3d 611]—

In an action to recover damages for personal injuries, etc., nonparty Bonita E. Zelman appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered August 7, 2015, which, upon granting the motion of nonparty Irom Wittels Freund Berne & Serra, P.C., for an allocation of attorneys' fees, determined, after a hearing, that Irom Wittels Freund Berne & Serra, P.C., was entitled to 30% of the attorneys' fees recoverable in the action and she was entitled to only 70% of the attorneys' fees.

Ordered that the order is affirmed, with costs.

"When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, '[t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case' " (*Wodecki v Vinogradov*, 125 AD3d 645, 646 [2015], quoting *Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]; *see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]). Where, as here, an election was not made by the outgoing attorney at the time of discharge, there is a presumption that the attorney has chosen a proportionate share of the contingency fee (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d at 660; *Wodecki v Vinogradov*, 125 AD3d at 646; *Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc.*, 41 AD3d 367, 370 [2007]; *see also Byrne v Leblond*, 25 AD3d 640, 642 [2006]). The award of reasonable attorneys' fees is a matter within the sound discretion of the court (*see Ebrahimian v Long Is. R.R.*, 269 AD2d 488, 489 [2000]).

Here, considering the amount of time spent by the plaintiffs' former and current attorneys on this action, the nature of the work performed, and their relative contributions (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d at 459; *Pearse v Delehanty*, 105 AD3d 1023, 1024 [2013]; *Kottl v Carey*, 85 AD3d

870, 872 [2011]), the Supreme Court providently exercised its discretion in determining that the plaintiffs' former counsel was entitled to 30% of the attorneys' fees recoverable in the action (*see Wodecki v Vinogradov*, 125 AD3d at 646; *cf. Montanez v Jeffrey M. Brown Assoc., Inc.*, 131 AD3d 1024, 1025 [2015]). Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.