Loja v Lake Newel, Ltd. (2019 NY Slip Op 00264)





Loja v Lake Newel, Ltd.


2019 NY Slip Op 00264


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-03581
 (Index No. 24724/10)

[*1]Luis Loja, plaintiff, 
v
Lake Newel, Ltd., et al., defendants; Silberstein Awad & Miklos, P.C., nonparty-appellant; Hill & Moin, LLP, nonparty-respondent.


Silberstein Awad & Miklos, P.C., Garden City, NY (Susan B. Eisner of counsel), nonparty-appellant pro se.
Hill & Moin, LLP, New York, NY (Cheryl Eisberg Moin and Melisande Hill of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Silberstein Awad & Miklos, P.C., appeals from an order of Supreme Court, Kings County (Muriel Hubsher, J.H.O.), dated February 11, 2016. The order, after a hearing, awarded nonparty Silberstein Awad & Miklos, P.C., only 70% of a net contingency fee recoverable in the action.
ORDERED that the order is affirmed, with costs.
Nonparty Hill & Moin, LLP, the plaintiff's former counsel (hereinafter the former counsel), commenced this personal injury action on the plaintiff's behalf, conducted some discovery, and opposed the motion by one of the defendants for summary judgment. Nonparty Silberstein Awad & Miklos, P.C., the plaintiff's current counsel (hereinafter the current counsel), successfully moved for summary judgment on the issue of liability against the defendant premises owner and secured a favorable settlement offer from that defendant's insurer. After the plaintiff accepted the offer, the former counsel moved for a determination of the allocation of the legal fees. After a hearing, the Supreme Court awarded 30% of the net contingency fee to the former counsel and 70% of the net contingency fee to the current counsel. The current counsel appeals.
"The award of reasonable attorneys' fees is a matter within the sound discretion of the court" (Ficaro v Alexander, 142 AD3d 1043, 1043; see Ebrahimian v Long Is. R.R., 269 AD2d 488, 489). Here, considering the amount of time spent by the plaintiff's former and current counsel on this action, the nature of the work performed, and their relative contributions (see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458; Kottl v Carey, 85 AD3d 870, 872), the Supreme Court providently exercised its discretion in determining that the plaintiff's former counsel was entitled to 30% of the net contingency fee recoverable in the action (see Ficaro v Alexander, 142 AD3d at 1043-1044; Wodecki v Vinogradov, 125 AD3d 645, 646; Diakrousis v Maganga, 61 AD3d 469, 469).
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court