Rodriguez v Ryder Truck Rental, Inc. (2019 NY Slip Op 02735)





Rodriguez v Ryder Truck Rental, Inc.


2019 NY Slip Op 02735


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-07977
 (Index No. 4224/03)

[*1]Juan Rodriguez, et al., plaintiffs, 
v
Ryder Truck Rental, Inc., et al., defendants; Jacoby & Meyers, LLP, nonparty-appellant; Flomenhaft Law Firm, PLLC, nonparty-respondent.


Jacoby & Meyers, LLP, Newburgh, NY (Ann R. Johnson of counsel), nonparty-appellant pro se.
Flomenhaft Law Firm, PLLC, New York, NY (Benedene Cannata of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Jacoby & Meyers, LLP, the plaintiffs' former attorneys, appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 14, 2016. The order, insofar as appealed from, upon granting the motion of nonparty Flomenhaft Law Firm, PLLC, the plaintiffs' current attorneys, for an allocation of attorneys' fees, determined, without a hearing, that Flomenhaft Law Firm, PLLC, was entitled to 75% of the attorneys' fees recoverable in the action and Jacoby & Meyers, LLP, was entitled only to 17.5% of the attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 25, 2002, the plaintiff Juan Rodriguez allegedly was injured in a motor vehicle accident. On February 11, 2003, nonparty Bauman & Kunkis, P.C. (hereinafter B & K), commenced this personal injury action.
On August 28, 2003, the nonparty-appellant, Jacoby & Meyers, LLP (hereinafter J & M), was substituted as the plaintiffs' counsel. After a mediation held in March 2009, a settlement offer in the sum of $1,100,000 was made, which the plaintiffs rejected. In or about late December 2009, the nonparty-respondent, Flomenhaft Law Firm, PLLC (hereinafter FLF), was substituted as the plaintiffs' counsel. In or about November 2015, a settlement in the amount of $2,994,000 was reached before trial.
Following settlement of the action, FLF moved for a hearing to determine the apportionment of the attorneys' fees recoverable between it and the plaintiffs' prior attorneys. In the order appealed from, dated June 14, 2016, the Supreme Court, without conducting an evidentiary hearing, apportioned 75% of the attorneys' fees to FLF, 17.5% to J & M, and 7.5% to B & K. J & M appeals from so much of the order as determined that it was entitled only to 17.5% of the attorneys' fees recoverable in the action, while FLF was entitled to 75%.
"In the case of a fee dispute between outgoing and incoming attorneys, the outgoing attorney has the right to elect either immediate compensation based on quantum meruit for the [*2]reasonable value of the services rendered, or a contingent percentage fee to be determined at the conclusion of the litigation" (Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc., 41 AD3d 367, 370; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458). Here, J & M elected to receive a contingent percentage fee at the conclusion of the underlying personal injury action.
"The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors" (Mazza v Marcello, 20 AD3d 554, 554). " An award of a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Wodecki v Vinogradov, 125 AD3d 645, 646, quoting Juste v New York City Tr. Auth., 5 AD3d 736, 736).
Based upon the evidence of "the time and labor spent by each [firm], the actual work performed, the difficulty of the questions involved, the skill required to handle the matter, the attorney[s'] skills and experience, [and] the effectiveness of counsel in bringing the matter to resolution" (Buchta v Union-Endicott Cent. School Dist., 296 AD2d 688, 689-690 [citation and internal quotation marks omitted]; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d at 458), the Supreme Court did not improvidently exercise its discretion in determining that J & M was entitled only to 17.5% of the attorneys' fees recoverable in this action.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court