Pyong Woo Ye v Pasha (2019 NY Slip Op 06425)





Pyong Woo Ye v Pasha


2019 NY Slip Op 06425


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-07836
 (Index No. 703832/14)

[*1]Pyong Woo Ye, plaintiff, 
v
Ebrahem Izak Pasha, et al., defendants; Law Offices of Andrew Park, P.C., nonparty-appellant; Kim & Kim Law Group, P.C., nonparty-respondent.


Law Offices of Andrew Park, P.C., New York, NY, nonparty-appellant pro se.
Kim & Kim Law Group, P.C., Flushing, NY (Daniel D. Kim of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Law Offices of Andrew Park, P.C., the plaintiff's former counsel, appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered May 15, 2018. The order, insofar as appealed from, in effect, granted that branch of the motion of Law Offices of Andrew Park, P.C., which was for an allocation of attorneys' fees only to the extent of awarding it attorneys' fees in the sum of $1,500.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Law Offices of Andrew Park, P.C. (hereinafter Andrew Park), the plaintiff's former counsel, commenced this personal injury action on the plaintiff's behalf on June 3, 2014. On August 20, 2014, Kim & Kim Law Group, P.C. (hereinafter Kim & Kim), was substituted as the plaintiff's counsel. Following discovery, on or about October 12, 2016, a settlement in the amount of $50,000 was reached before trial. By notice of motion dated March 26, 2018, Andrew Park moved, inter alia, for a determination of the allocation of attorneys' fees, arguing that it was entitled to 40% of the net contingency fee recoverable in the action. By order entered May 15, 2018, the Supreme Court awarded Andrew Park attorneys' fees in the sum of $1,500. Andrew Park appeals.
" When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, [t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case'" (Ficaro v Alexander, 142 AD3d 1043, 1043, quoting Wodecki v Vinogradov, 125 AD3d 645, 646 [internal quotation marks omitted]; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 457). " The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors'" (Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964, quoting Mazza v Macello, 20 AD3d 554, 554). " An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, [*2]the skill required to handle the matter, and the effectiveness of the legal work performed'" (Wodecki v Vinogradov, 125 AD3d at 646, quoting Juste v New York City Tr. Auth., 5 AD3d 736, 736).
Here, Andrew Park elected to receive a contingent percentage fee at the conclusion of this action. Given the time and labor expended by each attorney in the action, the skill required for the various work performed, and the effectiveness of each counsel's legal work, we agree with the Supreme Court's determination to award Andrew Park attorneys' fees in the sum of $1,500 (see 22 NYCRR 691.20[e]; Montanez v Jeffrey M. Brown Assoc., Inc., 131 AD3d 1024, 1025; Matter of Sucheron, 95 AD3d 892, 894; Catinella v Mecca & Son Trucking Corp., 90 AD3d 966; Brown v Governele, 29 AD3d 617, 618; Poulas v James Lenox Houses, Inc., 11 AD3d 332, 332-333).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court