Robinson & Yablon, P.C. v Sacco & Fillas, LLP (2021 NY Slip Op 02003)





Robinson & Yablon, P.C. v Sacco & Fillas, LLP


2021 NY Slip Op 02003


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-09481
 (Index No. 5432/17)

[*1]Robinson & Yablon, P.C., respondent,
v
Sacco & Fillas, LLP, appellant.


Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), appellant pro se.
Jason Levine, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Judiciary Law § 475 to apportion attorney's fees, Sacco & Fillas, LLP, appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 16, 2018. The order, after a hearing, awarded Robinson & Yablon, P.C., 100% of a net contingency fee.
ORDERED that the order is affirmed, with costs.
On June 18, 2014, nonparty Carmen Ortiz allegedly sustained injuries when her left arm became stuck in a handrail as she fell down a flight of stairs. She initially retained nonparty attorney Andrew Jones of the Jones Law Group, LLC, to represent her in a personal injury action. Jones referred the case to Sacco & Fillas, LLP (hereinafter Sacco & Fillas), which commenced a personal injury action on Ortiz's behalf in Supreme Court, Westchester County. Thereafter, Ortiz retained Robinson & Yablon, P.C. (hereinafter Robinson & Yablon), to represent her. Robinson & Yablon discontinued the Westchester County action, commenced an action in the United States District Court for the Southern District of New York, and obtained a $550,000 settlement.
Following that settlement, Robinson & Yablon commenced this proceeding, seeking, inter alia, a hearing to determine the apportionment of the attorney's fees recoverable between it and Sacco & Fillas. Following a hearing, the Supreme Court awarded 100% of the net contingency fee to Robinson & Yablon. Sacco & Fillas appeals.
"'When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, [t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case'" (Ficaro v Alexander, 142 AD3d 1043, 1043 [internal quotation marks omitted], quoting Wodecki v Vinogradov, 125 AD3d 645, 646; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 457; Pyong Woo Ye v Pasha, 175 AD3d 737, 737-738). "'The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors'" (Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964, quoting Mazza v Marcello, 20 AD3d 554, 554; see Pyong Woo Ye v Pasha, 175 AD3d at 738). "'An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based [*2]upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Wodecki v Vinogradov, 125 AD3d at 646, quoting Juste v New York City Tr. Auth., 5 AD3d 736, 736; see Pyong Woo Ye v Pasha, 175 AD3d at 738).
On appeal, Sacco & Fillas contends that it is entitled to 20% of the net contingency fee. However, the Supreme Court providently exercised its discretion in awarding 100% of the net contingency fee to Robinson & Yablon given the time and labor expended by each attorney in the action, the skill required for the various work performed, and the effectiveness of each counsel's legal work (see Hinds v Kilgallen, 83 AD3d 781, 782-783). Sacco & Fillas provided no time records or other evidence from which its time and labor could be ascertained, its contributions were minimal, and its efforts were ultimately of no value, as all of its work had to be duplicated by successor counsel (see id. at 783).
Any error in the preclusion of an attorney's intra-office note or an unnotarized power of attorney was harmless, as we are satisfied that the result would have been the same regardless of whether those items were admitted into evidence at the hearing (see CPLR 2002; Rosenberg v Jing Jiang, 153 AD3d 744, 745).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court