Matter of Cooper (2021 NY Slip Op 04019)





Matter of Cooper


2021 NY Slip Op 04019


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS,
LEONARD B. AUSTIN,
PAUL WOOTEN, JJ.


2018-11761

[*1]In the Matter of Arnold Cooper, deceased. Mitchell D. Kessler, appellant; Levine & Grossman, respondent. (File No. 371494/12)


Mitchell D. Kessler, New York, NY, appellant pro se.
Levine & Grossman, Mineola, NY (Michael Grossman of counsel), respondent pro se.



DECISION & ORDER
In a proceeding, inter alia, for leave to compromise and settle an underlying action to recover damages for wrongful death and conscious pain and suffering, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated July 27, 2018. The order, after a hearing, awarded the petitioner, the current counsel for the plaintiff in the underlying action, 50% of the net contingency fee in the underlying action, and awarded the respondent, the former counsel for the plaintiff in the underlying action, 50% of the net contingency fee.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by increasing the award to the petitioner to 80% of the net contingency fee in the underlying action and reducing the award to the respondent to 20% of the net contingency fee in the underlying action; as so modified, the order is affirmed, with costs to the petitioner.
On May 17, 2010, the petitioner, an attorney, was hired by the respondent, a law firm. In addition to his salary, an employment agreement (hereinafter the agreement) specified that the petitioner was to receive a 40% "forwarding fee" on cases that he referred to the respondent. In April 2012, the petitioner referred to the respondent an action to recover damages for wrongful death and conscious pain and suffering (hereinafter the underlying action). On October 9, 2014, the respondent terminated the petitioner's employment. The petitioner took the underlying action with him when he left the respondent's employ, and continued to represent the estate in the underlying action through to settlement. The petitioner ultimately settled the underlying action for $470,000. The petitioner commenced this proceeding for leave to compromise and settle the underlying action and to apportion the net contingency fee between himself and the respondent. After a hearing, the Surrogate's Court awarded 50% of the net contingency fee to the petitioner and 50% of the fee to the respondent. The petitioner appeals.
The Surrogate's Court improvidently exercised its discretion in awarding the petitioner and the respondent each 50% of the net contingency fee in the underlying action. The petitioner performed significant work in securing the ultimate award. While the agreement states that cases obtained by the petitioner would be referred to the respondent during the petitioner's employment, and that for such cases the petitioner would be entitled to a 40% forwarding fee, the [*2]agreement fails to contemplate any arrangements should the petitioner be terminated or leave voluntarily. Where, as here, the dispute is between attorneys, "the discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658). Where an election is not made or sought at the time of discharge, the presumption should be that a contingent fee has been chosen (see id. at 659-660).
Considering the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel (see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458; Podbielski v KMO 361 Realty Assoc., 6 AD3d 597; Matter of Gary E. Rosenberg, P.C. v McCormack, 250 AD2d 679), we modify the order appealed from so as to award 80% of the net contingency fee to the petitioner, and 20% of the net contingency fee to the respondent (see Montanez v Jeffrey M. Brown Assoc., Inc., 131 AD3d 1024; Matter of Sucheron, 95 AD3d 892; Brown v Governele, 29 AD3d 617).
LASALLE, P.J., CHAMBERS, AUSTIN, and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court