Matter of Mattar v Hall (2021 NY Slip Op 06477)





Matter of Mattar v Hall


2021 NY Slip Op 06477


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, AND WINSLOW, JJ.


687 CA 20-01301

[*1]IN THE MATTER OF WILLIAM MATTAR, P.C., PETITIONER-APPELLANT,
v
RICHARD HALL, IV, AND DOLCE PANEPINTO P.C., RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 






SULLIVAN LAW PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR PETITIONER-APPELLANT.
AUGELLO AND MATTELIANO, LLP, BUFFALO (JOSEPH A. MATTELIANO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered September 15, 2020. The order, inter alia, denied the motion of petitioner insofar as it sought leave to renew the petition, granted the motion insofar as it sought leave to reargue, and upon reargument, adhered to a prior order allocating attorneys' fees between the parties. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the petition seeking the division of contingent attorneys' fees in the subject cases pursuant to the terms of the Professional Employment Agreement and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Respondent Richard Hall, IV, was employed by petitioner for approximately 10 years and, during that time, he executed a "Professional Employee Agreement" (Agreement) that provided for the division of contingency fee awards on cases in the event that he retained them after leaving petitioner's employ. After Hall terminated his employment with petitioner, he began to work for respondent Dolce Panepinto, P.C. (DP) and took several cases with him to DP. Petitioner commenced this proceeding seeking, inter alia, its share of the attorneys' fees earned on those cases in accordance with the terms of the Agreement.
After two of the cases settled, Supreme Court resolved the fee dispute with respect to those cases in a prior order, which is not at issue on this appeal. Of note, the court awarded the fees with respect to those cases to petitioner "pursuant to the terms of the . . . Agreement," but stated that the determination was being made "without a ruling on the validity of the [A]greement or other cases still outstanding."
Thereafter, six additional cases settled (subject cases), and respondents sought to resolve the matter of attorneys' fees for those cases. In appeal No. 2, petitioner appeals from an order in which the court determined that, with respect to the subject cases, it would be inequitable to apportion fees pursuant to the terms of the Agreement and, as a result, used its discretion to apportion fees in a manner different from the formula set forth in the Agreement.
Petitioner thereafter moved, inter alia, for leave to reargue "that part of th[e] [p]roceeding relating to" the order in appeal No. 2, contending that the attorneys' fees should be apportioned pursuant to the terms of the Agreement. In appeal No. 1, petitioner appeals from an order that, among other things, granted leave to reargue and, upon reargument, adhered to its earlier determination.
As a preliminary matter, we conclude that appeal No. 2 should be dismissed inasmuch as [*2]the order in appeal No. 1 superseded the order in appeal No. 2 insofar as it granted leave to reargue and then, on reargument, adhered to its original decision (see Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1375 [4th Dept 2013], lv denied 22 NY3d 864 [2014]; Bruno v Gosy, 48 AD3d 1147, 1148 [4th Dept 2008]; see generally Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). We further conclude that, contrary to respondents' assertion, the order in appeal No. 1 is properly appealable (see CPLR 5701 [a] [2] [viii]; Matter of Jean G.S., 59 AD3d 998, 998 [4th Dept 2009]; Abacus Fed. Sav. Bank v Lim, 8 AD3d 12, 14 [1st Dept 2004]; Nation's Bank Mtge. Corp. v Jones, 242 AD2d 979, 979 [4th Dept 1997]).
We agree with petitioner that the court erred in refusing to enforce the terms of the Agreement. Petitioner correctly contends that the Agreement did not violate rule 1.5 (g) of the Rules of Professional Conduct (22 NYCRR 1200.0) inasmuch as that rule "does not prohibit payment to a lawyer formerly associated in a law firm pursuant to a separation or retirement agreement" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [h]; see Cooper, Bamundo, Hecht & Longworth, LLP v Kuczinski, 14 AD3d 644, 645 [2d Dept 2005]; Hendler & Murray v Lambert, 147 AD2d 444, 446 [2d Dept 1989], lv denied 74 NY2d 603 [1989]). Here, the Agreement at issue is not a fee-splitting agreement under Rule 1.5 (g) but, rather, an employment or separation agreement under Rule 1.5 (h). Such employment or separation agreements "should be construed, wherever possible, in favor of [their] legality" (Hendler & Murray, 147 AD2d at 446) and where, as here, they are clear and unambiguous on their face, they must be " 'enforced according to the plain meaning of [their] terms' " (Samuel v Druckman & Sinel, LLP, 12 NY3d 205, 210 [2009], rearg denied 12 NY3d 899 [2009]).
We further agree with petitioner that the Agreement did not violate rule 5.6 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0; cf. Cohen v Lord, Day & Lord, 75 NY2d 95, 98 [1989]). Although the Agreement did have some financial disincentives for respondents to continue working on the cases that were transferred from petitioner, "agreements involving financial disincentives are not per se illegal" (Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 385 [1993]). In Cohen, the "significant monetary penalty" imposed on a withdrawing partner who competed with the law firm was deemed "an impermissible restriction on the practice of law" (75 NY2d at 98).
Here, however, we conclude that the terms of the Agreement relating to the division of contingency fee awards did not have the effect of "improperly deter[ring] competition" (Denburg, 82 NY2d at 381; see generally Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 156 [1995]).
Based on the existence of a valid and enforceable separation agreement, we conclude that the court erred in apportioning the fees pursuant to the factors outlined in cases where there was no such agreement (see e.g. Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458 [1989]; Wodecki v Vinogradov, 125 AD3d 645, 646 [2d Dept 2015]; Podbielski v KMO 361 Realty Assoc., 6 AD3d 597, 598 [2d Dept 2004]). We therefore modify the order in appeal No. 1 by granting that part of the petition seeking the division of contingent attorneys' fees in the subject cases pursuant to the terms of the Agreement, and we remit the matter to Supreme Court to apportion fees pursuant to those terms.
Based on our determination, we do not reach petitioner's remaining contentions.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court