Boruch v Rommi Realty, LLC (2023 NY Slip Op 00073)

Boruch v Rommi Realty, LLC

2023 NY Slip Op 00073

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-02043
 (Index No. 704389/17)

[*1]Andrzej Boruch, plaintiff, 
v
Rommi Realty, LLC, defendant; Platta Law Firm, PLLC, nonparty-appellant-respondent, Block O'Toole & Murphy, LLP, nonparty-respondent-appellant.

The Platta Law Firm, PLLC, New York, NY (Brian J. Vannella of counsel), nonparty-appellant-respondent pro se.
Block O'Toole & Murphy, LLP, New York, NY (David L. Scher and Christina R. Mercado of counsel), nonparty-respondent-appellant pro se.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty the Platta Law Firm, PLLC, appeals, and nonparty Block O'Toole & Murphy, LLP, cross-appeals, from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered February 11, 2020. The order, insofar as appealed from, after a hearing, and upon granting the nonparties' separate motions for a determination as to the allocation of an award of attorneys' fees, awarded the Platta Law Firm, PLLC, only 60% of the attorneys' fees recoverable in the action. The order, insofar as cross-appealed from, after the hearing, awarded Block O'Toole & Murphy, LLP, only 40% of the attorneys' fees recoverable in the action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff allegedly was injured when, while installing a fan on a roof of certain property owned by the defendant, the roof collapsed, causing the plaintiff to fall several feet. As relevant to the instant appeal, on March 23, 2017, the plaintiff retained nonparty the Platta Law Firm, PLLC (hereinafter the Platta firm), to represent him in commencing this personal injury action against the defendant. The Platta firm handled the case on behalf of the plaintiff for more than two years and performed work that included, inter alia, filing and serving the summons and complaint, conducting depositions, attending court conferences, and engaging in motion practice. On July 17, 2019, the plaintiff chose to be represented by nonparty Block O'Toole & Murphy, LLP (hereinafter the Block firm), which performed work that included, among other things, filing supplemental documents in support of a motion by the plaintiff for summary judgment, orally arguing the motion, attending multiple settlement conferences, and securing a favorable settlement offer from the defendant in the full amount of the defendant's liability policy.
Following the settlement of the action, the Platta firm and the Block firm separately moved for a hearing to determine the allocation of the attorneys' fees as between them. After a hearing, the Supreme Court awarded 60% of the attorneys' fees recoverable in the action to the Platta [*2]firm and 40% of the attorneys' fees recoverable in the action to the Block firm. The Platta firm appeals, and the Block firm cross-appeals.
"'The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors'" (Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964, quoting Mazza v Marcello, 20 AD3d 554, 554; see Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d 1154; Pyong Woo Ye v Pasha, 175 AD3d 737, 738). "'An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Wodecki v Vinogradov, 125 AD3d 645, 646, quoting Juste v New York City Tr. Auth., 5 AD3d 736, 736; see Pyong Woo Ye v Pasha, 175 AD3d at 738; Loja v Lake Newel, Ltd., 168 AD3d 822, 823).
Here, considering the amount of time spent by the Platta firm and the Block firm on the action, the nature of the work performed, and their relative contributions, the Supreme Court providently exercised its discretion in determining that the Platta firm was entitled to 60% of the attorneys' fees recoverable in the action and the Block firm was entitled to 40% of the attorneys' fees recoverable in the action.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court