Llivicura v 101 W. 78th, LLC (2023 NY Slip Op 01504)

Llivicura v 101 W. 78th, LLC

2023 NY Slip Op 01504

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-01010
 (Index No. 714513/17)

[*1]Otis Llivicura, plaintiff, 
v
101 West 78th, LLC, etc., et al., defendants; Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., nonparty-appellant; Shimko Law, P.C., nonparty-respondent.

Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Mark R. Bernstein of counsel), nonparty-appellant pro se.
Shimko Law, P.C., Brooklyn, NY (Daniel S. Shimko of counsel), nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated September 6, 2019. The order, insofar as appealed from, granted that branch of the motion of nonparty Shimko Law, P.C., which was to determine the apportionment of an award of attorneys' fees to the extent of awarding nonparty Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., the sum of only $40,000 in attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2016, the plaintiff sustained personal injuries in a workplace accident. He retained Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C. (hereinafter the Sanders firm), to commence this personal injury action on his behalf and to represent him in the action. The plaintiff subsequently discharged the Sanders firm and retained Shimko Law, P.C. (hereinafter the Shimko firm), to represent him in the action. The action was thereafter settled, and the Shimko firm placed the portion of the settlement representing attorneys' fees into an escrow account. In May 2019, the Shimko firm moved, inter alia, to determine the apportionment of the award of attorneys' fees between the two firms. In an order dated September 6, 2019, the Supreme Court, among other things, granted that branch of the motion to the extent of awarding the Sanders firm the sum of $40,000 in attorneys' fees for the work it performed in the action. The Sanders firm appeals.
"When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, '[t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case'" (Wodecki v Vinogradov, 125 AD3d 645, 646, quoting Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458; Ficaro v Alexander, 142 AD3d 1043, 1043). Where, as here, an election was not made by the outgoing attorney at the time of discharge, there is a presumption that the attorney has chosen a proportionate [*2]share of the contingency fee (see Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d at 660; Wodecki v Vinogradov, 125 AD3d at 646; Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc., 41 AD3d 367, 370). The award of reasonable attorneys' fees is a matter within the sound discretion of the court (see Ficaro v Alexander, 142 AD3d at 1043; Ebrahimian v Long Is. R.R., 269 AD2d 488, 489).
Here, considering the amount of time spent by the plaintiff's former and current attorneys on this action, the nature of the work performed, and their relative contributions (see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d at 459; Ficaro v Alexander, 142 AD3d at 1043; Pearse v Delehanty, 105 AD3d 1023, 1024), the Supreme Court providently exercised its discretion in determining that the Sanders firm was entitled to $40,000 of the attorneys' fees recoverable in the action (see Ficaro v Alexander, 142 AD3d at 1044; Wodecki v Vinogradov, 125 AD3d at 646).
The Sanders firm's remaining contention is without merit.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court