■ SARAH OCASIO, Plaintiff, v PAMELA J. SCHWERTZ et al., Defendants. (Action No. 1.) PAMELA J. SCHWERTZ, Respondent, et al., Plaintiffs, v PATRICK LAWRENCE et al., Defendants. STEVEN D. DOLLINGER, Nonparty Appellant. (Action No. 2.) [726 NYS2d 571] —In two related actions to recover damages for personal injuries, Steven D. Dollinger, the former attorney for Pamela J. Schwertz, a plaintiff in Action No. 2, appeals from an order of the Supreme Court, Suffolk County (D'Emelio, J.), entered September 5, 2000, which, after a hearing, fixed his fee in the sum of only $500.

Ordered that the order is affirmed, with costs.

When there is a fee dispute between outgoing and incoming attorneys, the outgoing attorney may elect to receive either immediate compensation based on quantum meruit for the reasonable value of services rendered or a contingent percentage fee based on the proportionate share of the work performed on the entire case (*see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Matter of Gary E. Rosenberg, P. C. v McCormack,* 250 AD2d 679). The appellant elected to receive his compensation based on quantum meruit. Thus, there is no merit to his contention that his fee should have been based on the proportionate share of the work he performed on the entire case. In addition, the Supreme Court providently exercised its discretion in determining that $500 was the reasonable value of the services the appellant performed.

The appellant's remaining contentions are without merit. Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.