*899 Order, Supreme Court, New York County (Saralee Evans, J.), entered December 12, 2011, which denied nonparty law firm’s motion for a judgment in its favor in the amount of the outstanding legal fees allegedly owed by plaintiff, its former client, and referred the issue of the law firm’s legal fees to a special referee for a hearing, unanimously modified, on the law and the facts, to vacate the reference and fix a charging lien in the amount of $75,789, and otherwise affirmed, without costs.
The record establishes that the law firm has stated an account in the principal amount of $75,789 (i.e., the billed amount minus the partial payment made on the account by plaintiff). The law firm demonstrated that it had entered into a retainer agreement with plaintiff and sent him regular invoices pursuant to the agreement, to which he did not object (see Bartning v Bartning, 16 AD3d 249, 250 [1st Dept 2005]). In addition, the partial payment plaintiff made on the bills established an account stated, as “either retention of bills without objection or partial payment may give rise to an account stated” (Morrison Cohen Singer & Weinstein, LLP v Waters, 13 AD3d 51, 52 [1st Dept 2004]). Under these circumstances, the court should not have referred the matter to a special referee to determine the reasonable value of the legal services rendered. Instead, it should have fixed a charging lien based upon the account stated (see Tunick v Shaw, 45 AD3d 145, 149 [1st Dept 2007]; Bartning v Bartning, 16 AD3d at 250).
The law firm was not entitled to entry of a money judgment. Although the amount of a charging lien may be determined and fixed before the outcome of the case, the charging lien does not provide for an immediately enforceable judgment against all assets of the former clients (Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 219 [1997]). Rather, the lien is security against a single asset of the client — a judgment or settlement reached in favor of the former client in the underlying matter (id.). Since the record here does not show that there has been a final judgment in this action, the law firm’s request for a money judgment was properly denied (see Squitieri v Squitieri, 77 AD3d 428, 428 [2010]). Should the law firm wish to obtain a judgment enforceable against plaintiffs other assets, it can bring a separate plenary action (see Butler, 235 AD2d at 218-219). Concur— Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.