Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 6, 2012, which, insofar as appealed from as limited by the briefs, in this action for unpaid legal fees, granted plaintiff law firm’s motion for summary judgment in the principal amount of $87,995.34, and denied defendants’ cross motion for summary judgment dismissing the claim insofar as asserted against Wang individually, or, alternatively, seeking a hearing to determine the reasonableness of the fees, and Wang’s portion of those fees, unanimously affirmed, with costs.
The record establishes plaintiff’s entitlement to recover the unpaid legal fees that arose from its representation of defendants in two underlying actions. Contrary to defendants’ contention, the subject retainer agreement governs plaintiffs work on *429 both underlying matters. In compliance with 22 NYCRR 1215.1, which mandates that retainer agreements contain an “explanation of the scope of the legal services to be provided” (22 NYCRR 1215.1 [b] [1]), the agreement specifies that plaintiffs services “will include legal representation and advice with respect to specific matters that you refer to the Firm.” Although defendants initially sought plaintiff to represent them in only one of the underlying actions, it is undisputed that they requested plaintiffs services with respect to the other action, shortly thereafter. Plaintiffs representation of defendants in the latter matter therefore falls within the ambit of the retainer.
Defendants’ contention that individual defendant Wang could not be held personally liable for the legal fees, because the retainer was silent as to his personal guaranty of payment, is unavailing since Wang signed the retainer not only as the owner of defendant Amersino Marketing Group, LLC, but also individually (compare Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]). Also unavailing is defendants’ argument that Wang should be held liable for only the portion of the work done specifically on his behalf in his individual capacity. Wang and Amersino were sued jointly and severally, and Wang admitted that he would have been liable for the judgment if Amersino failed to pay. Accordingly, all legal work benefitted Wang and Amersino equally.
The court properly declined to grant defendants’ request for a hearing on the reasonableness of the fees, where defendants did not object to the invoices when they received them or within a reasonable time thereafter, establishing an account stated (see Jaffe v Brown-Jaffe, 98 AD3d 898, 899 [1st Dept 2012]).
We have considered defendants’ remaining contentions and find them unavailing. Concur — Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 32882(U).]