Tucker v Schwartzapfel Lawyers, P.C. (2021 NY Slip Op 04250)





Tucker v Schwartzapfel Lawyers, P.C.


2021 NY Slip Op 04250


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-14611
 (Index Nos. 601645/13, 601646/13)

[*1]John Tucker, appellant-respondent, 
v
Schwartzapfel Lawyers, P.C., etc., et al., defendants; Greenberg & Wilner, LLP, nonparty-respondent-appellant. (Action No. 1.)
Richard Sabatino, appellant-respondent,
v
Schwartzapfel Lawyers, P.C., etc., et al., defendants; Greenberg & Wilner, LLP, nonparty-respondent-appellant. (Action No. 2.)


Kaplan Layers P.C., Syosset, NY (Adam N. Lepzelter and Lisa Gioia Fallah of counsel), for appellants-respondents in Action Nos. 1 and 2.
Greenberg & Wilner, LLP, New York, NY (Harvey L. Greenberg of counsel), for nonparty-respondent-appellant.



DECISION & ORDER
In related actions, inter alia, to recover damages for breach of contract, which were joined for trial, the plaintiffs in Action Nos. 1 and 2 appeal, and nonparty Greenberg & Wilner, LLP, cross-appeals, from an order of the Supreme Court, Nassau County (Roy S. Mahon), entered December 5, 2018. The order, insofar as appealed from, after a hearing, denied the plaintiffs' motion pursuant to Judiciary Law § 475 to quash an alleged attorney charging lien in favor of nonparty Greenberg & Wilner, LLP, and granted those branches of the cross motion of nonparty Greenberg & Wilner, LLP, which were pursuant to Judiciary Law § 475 to impose an attorney charging lien on the proceeds of these actions and for an award of 95% of a contingency fee. The order, insofar as cross-appealed from, after a hearing, in effect, denied that branch of the cross motion of nonparty Greenberg & Wilner, LLP, which was for an award in the amount it expended for disbursements representing the plaintiffs.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, and that branch of the cross motion of nonparty Greenberg & Wilner, LLP, which was for an award in the amount it expended for disbursements representing the plaintiffs is granted; and it is further,
ORDERED that one bill of costs is awarded to nonparty-respondent-appellant.
In May 2013, the plaintiffs in these related actions retained nonparty Greenberg & Wilner, LLP (hereinafter Greenberg), to represent them, inter alia, to recover damages for breach of contract against their former employer. The plaintiffs each entered into a separate retainer agreement [*2]pursuant to which they each agreed to pay Greenberg a contingency fee of 35% of the sum recovered, plus disbursements. In January 2018, after the matters were scheduled for trial, Greenberg moved for leave to withdraw as the plaintiffs' counsel based upon undisclosed "irreconcilable differences." The motion was granted unopposed. Greenberg requested that the matter be adjourned to allow the plaintiffs an opportunity to obtain new counsel. In March 2018, the plaintiffs retained the services of new counsel for an hourly fee. After one day of trial, the actions were settled for an undisclosed amount. Thereafter, the plaintiffs moved pursuant to Judiciary Law § 475 to quash an attorney charging lien in favor of Greenberg, and Greenberg cross-moved pursuant to Judiciary Law § 475 to impose an attorney charging lien on the proceeds of these actions, for an award of 95% of the contingency fee, and for an award in the amount it expended for disbursements representing the plaintiffs in these actions. The Supreme Court, after hearing, denied the plaintiffs' motion and granted those branches of Greenberg's cross motion which were for the imposition of a charging lien and an award of 95% of the contingency fee.
"In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1437 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Everhome Mtge. Co. v Berger, 151 AD3d 811, 812).
Pursuant to Judiciary Law § 475, an attorney who appears for a party has a lien upon his or her client's cause of action. "It has long been held that attorneys who terminate their representation for just cause continue to be entitled to enforce their liens" (Klein v Eubank, 87 NY2d 459, 462). However, where an attorney withdraws without good cause, his or her lien is automatically forfeited (see id. at 462-463; Lansky v Easow, 304 AD2d 533, 534). Here, the plaintiffs' contention that Greenberg withdrew without sufficient cause is not supported by the record. The evidence at the hearing demonstrated that Greenberg's request to withdraw was based on irreconcilable differences regarding the appropriate course to be taken in the actions and a breakdown in the attorney-client relationship (see Robinson v Friedman Mgt. Corp., 49 AD3d 436, 437; Winters v Rise Steel Erection Corp., 231 AD2d 626, 626-627; Generale Bank, New York Branch v Wassel, 1992 WL 42168, 1992 US Dist LEXIS 2001 [SD NY, 91 Civ 176 (PKL)]). Therefore, Greenberg maintained its right to enforce its statutory lien.
Contrary to the plaintiffs' contentions, under the circumstances of this case, Greenberg demonstrated its entitlement to an award of 95% of the contingency fee. "In fixing an award of legal fees in quantum meruit, a court should consider evidence of the time and skill required in the case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit derived from the services, and the fee usually charged by attorneys for similar services" (SBC 2010-1, LLC v Smits Structure Corp., 167 AD3d 795, 795; see Breidbart v Wiesenthal, 117 AD3d 766, 767). "'Quantum meruit compensation is not limited to a calculation based on the numbers of hours worked multiplied by a reasonable hourly rate'" (SBC 2010-1, LLC v Smits Structure Corp., 167 AD3d at 795-796, quoting Gould v Decolator, 131 AD3d 445, 447). "The calculation of an award of legal fees as a portion of a contingent fee and based on an hourly rate are both properly fixed as quantum meruit determinations" (SBC 2010-1, LLC v Smits Structure Corp., 167 AD3d at 796; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 459). Here, the record demonstrates, inter alia, the extensive work performed on the case by Greenberg over a period of 4½ years, the nature of the work performed, and the relative contributions made by Greenberg, entitling it to 95% of the contingency fee. While Greenberg failed to submit time records in support of the services it rendered, the value of its services could still be ascertained (see Kokkalis v Arnstein, 173 AD3d 723, 724; see generally Costello v Kiaer, 278 AD2d 50, 50). Moreover, the Supreme Court should have awarded Greenberg the amount it expended on disbursements while representing the plaintiffs. Greenberg's testimony and the documentation provided demonstrated that it expended $6,194.15 for disbursements.
The plaintiffs' remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court