Jules v David (2022 NY Slip Op 06696)

Jules v David

2022 NY Slip Op 06696

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-03798
 (Index No. 524452/18)

[*1]Anthony Jules, plaintiff, 
v
Nashonda David, et al., defendants; Law Offices of Gerald P. Gross, P.C., nonparty-appellant, Gregory Spektor & Associates, P.C., nonparty-respondent.

Law Offices of Gerald P. Gross, P.C., Cedarhurst, NY (Avraham Goldberg of counsel), nonparty-appellant pro se.
Gregory Spektor & Associates, P.C., Rosedale, NY (David L. Henderson of counsel), nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Law Offices of Gerald P. Gross, P.C., appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 20, 2021. The order granted the motion of nonparty Gregory Spektor & Associates, P.C., for a determination of the allocation of a net contingency fee to the extent of determining that nonparty Law Offices of Gerald P. Gross, P.C., was not entitled to any portion of the net contingency fee.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the motion of nonparty Gregory Spektor & Associates, P.C., for a determination of the allocation of a net contingency fee to the extent of determining that nonparty Law Offices of Gerald P. Gross, P.C., was not entitled to any portion of the net contingency fee, and substituting therefor a provision granting the motion to the extent of determining that nonparty Law Offices of Gerald P. Gross, P.C., is entitled to 10% of the net contingency fee; as so modified, the order is affirmed, with costs to the nonparty-appellant.
In December 2015, the plaintiff allegedly sustained injuries in a motor vehicle accident. In January 2016, the plaintiff retained nonparty Law Offices of Gerald P. Gross, P.C. (hereinafter Gross), to represent him in seeking to recover damages arising from the accident. After being retained, Gross filed a no-fault benefits application, referred the plaintiff to several doctors, scheduled and rescheduled independent medical examinations, and helped the plaintiff obtain a presettlement loan. The principal of Gross also asserted that the firm investigated the accident scene, obtained and reviewed medical records and other relevant documents, and "spen[t] a great deal . . . of time" on the phone with the plaintiff "answering his many questions about his claim." The plaintiff ultimately discharged Gross. In May 2018, the plaintiff retained nonparty Gregory Spektor & Associates, P.C. (hereinafter Spektor). In December 2018, Spektor filed a summons and complaint in this action on the plaintiff's behalf. In July 2020, the plaintiff obtained a $100,000 settlement.
In August 2020, Spektor moved for a determination of the allocation of the net contingency fee obtained upon the settlement of the action. In an order dated April 20, 2021, the Supreme Court, granted the motion to the extent of determining that Gross was not entitled to any portion of the net contingency fee. Gross appeals.
"When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, [t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (Ficaro v Alexander, 142 AD3d 1043, 1043, quoting Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658 [internal quotation marks omitted]; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458; Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d 1154, 1155). "The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors" (Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d at 1155, quoting Mazza v Marcello, 20 AD3d 554, 554 [internal quotation marks omitted]; see Pyong Woo Ye v Pasha, 175 AD3d 737, 737-738; Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964). "'An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Wodecki v Vinogradov, 125 AD3d 645, 646, quoting Juste v New York City Tr. Auth., 5 AD3d 736, 736; see Pyong Woo Ye v Pasha, 175 AD3d at 738; Rodriguez v Ryder Truck Rental, Inc., 171 AD3d at 964).
Here, the Supreme Court improvidently exercised its discretion in determining that Gross was not entitled to any portion of the net contingency fee, since it cannot be said that the services performed by Gross were of no value (see Kottl v Carey, 85 AD3d 870, 872; cf. Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d at 1156). Although Gross failed to submit time records showing the hours allegedly spent investigating and discussing the claim with the plaintiff, Gross submitted evidence showing that it performed various services in connection with the plaintiff's case over a period in excess of two years, including, but not limited to, ensuring the plaintiff's appearances for independent medical examinations to determine the extent of his injuries and the need for additional treatment, and obtaining documentation vital to the plaintiff's case (see Tucker v Schwartzapfel Lawyers, P.C., 196 AD3d 527, 529). Considering the amount of time spent by Gross working on matters pertaining to the plaintiff's case, the nature of the work performed, and the relative contributions of counsel, we deem it appropriate to award 10% of the net contingency fee to Gross.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court