Soriano v EAN Holdings, LLC (2023 NY Slip Op 04960)

Soriano v EAN Holdings, LLC

2023 NY Slip Op 04960

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-06999
 (Index No. 524896/17)

[*1]Dominick Soriano, et al., plaintiffs, 
v
EAN Holdings, LLC, et al., defendants; The Barnes Firm, P.C., nonparty-appellant; Louis Grandelli, P.C., nonparty-respondent.

The Barnes Firm, P.C., New York, NY (Jordan S. Finkelstein of counsel), nonparty-appellant pro se.
Louis Grandelli, P.C., New York, NY, nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., nonparty The Barnes Firm, P.C., appeals from an order of the Supreme Court, Kings County (Miriam P. Sunshine, Ct. Atty. Ref.), dated September 23, 2021. The order, insofar as appealed from, after a hearing, in effect, granted the motion of nonparty The Barnes Firm, P.C., for a determination of the allocation of a net contingency fee to the extent of awarding it only 40% of the net contingency fee and awarding 60% of the net contingency fee to nonparty Louis Grandelli, P.C. Justice Connolly has been substituted for Justice Maltese (see 22 NYCRR 1250.1[b]).
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, in effect, granting the motion of nonparty The Barnes Firm, P.C., for a determination of the allocation of a net contingency fee to the extent of awarding it only 40% of the net contingency fee and awarding 60% of the net contingency fee to nonparty Louis Grandelli, P.C., and substituting therefor a provision granting the motion to the extent of awarding The Barnes Firm, P.C., 80% of the net contingency fee and awarding nonparty Louis Grandelli, P.C., 20% of the net contingency fee; as so modified, the order is affirmed insofar as appealed from, with costs to the nonparty-appellant.
On August 18, 2017, the plaintiff Dominick Soriano (hereinafter the injured plaintiff) allegedly was injured when his vehicle was struck by a vehicle owned by the defendants EAN Holdings, LLC, and ELRAC, LLC, and operated by the defendant David Goode. In December 2017, the injured plaintiff, and his spouse suing derivatively, commenced this action, inter alia, to recover damages for personal injuries.
As of the commencement of the action, the plaintiffs were represented by nonparty Louis Grandelli, P.C. (hereinafter the Grandelli firm). In July 2019, the plaintiffs discharged the Grandelli firm and retained nonparty Cellino & Barnes, P.C. (hereinafter Cellino), to represent them in this action. Cellino was subsequently dissolved, resulting in the creation of nonparty The Barnes Firm, P.C. (hereinafter the Barnes firm), which served as the plaintiffs' counsel in this action. In October 2020, the parties reached an agreement to settle the plaintiffs' claims in exchange for the [*2]sum of $725,000. The Barnes firm then moved for a determination of the allocation of the net contingency fee. In an order dated September 23, 2021, made after a hearing, the Supreme Court, in effect, granted the Barnes firm's motion to the extent of awarding it 40% of the net contingency fee and awarding 60% of the net contingency fee to the Grandelli firm. The Barnes firm appeals.
"'The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors'" (Jules v David, 210 AD3d 970, 972, quoting Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d 1154, 1155 [internal quotation marks omitted]). "'An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Jules v David, 210 AD3d at 972, quoting Wodecki v Vinogradov, 125 AD3d 645, 646 [internal quotation marks omitted]).
Here, the Supreme Court improvidently exercised its discretion in awarding the Barnes firm only 40% of the net contingency fee (see Jules v David, 210 AD3d at 972). The evidence established that the Barnes firm contributed approximately 64 to 67% of the total hours expended on this case, worked on more complex issues requiring a higher level of skill than the Grandelli firm's work during the early stages of the action, and that the Barnes firm obtained a settlement for substantially more than the defendants' prior settlement offer during the Grandelli firm's representation (see id.). Under the circumstances, we deem it appropriate to award 80% of the net contingency fee to the Barnes firm and 20% of the net contingency fee to the Grandelli firm.
The Grandelli firm's remaining contention is without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court