Messina v Wedderburn (2023 NY Slip Op 06360)

Messina v Wedderburn

2023 NY Slip Op 06360

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-09153
 (Index No. 613496/19)

[*1]John Messina, respondent, et al., plaintiff, 
v
Delroy Wedderburn, et al., defendants; David W. Sparrow, nonparty-appellant.

Arnold A. Arpino & Associates, P.C., Hauppauge, NY, for nonparty-appellant.
Zaremba Brown, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty David W. Sparrow appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 9, 2021. The judgment, upon an order of the same court entered September 15, 2021, made after a hearing, granting the motion of nonparty David W. Sparrow to establish a charging lien pursuant to Judiciary Law § 475 to the extent of awarding him the principal sum of $20,833.33, is in favor of nonparty David W. Sparrow and against the plaintiff John Messina in the principal sum of $20,833.33.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof adjudging that nonparty David W. Sparrow recover from the plaintiff John Messina the principal sum of $20,833.33, and substituting therefor a provision adjudging that pursuant to Judiciary Law § 475, nonparty David W. Sparrow has a charging lien against the cause of action asserted by the plaintiff John Messina in the principal sum of $20,833.33; as so modified, the judgment is affirmed, without costs or disbursements.
In July 2019, the plaintiff John Messina allegedly sustained personal injuries in a motor vehicle accident. Messina initially retained nonparty David W. Sparrow to commence this personal injury action on his behalf and to represent him in the action, and agreed to pay Sparrow one-third "of the sum recovered, whether recovered by suit, settlement or otherwise." After commencing this action, Sparrow, among other things, obtained settlement offers in the total amount of $62,500. In December 2019, Messina discharged Sparrow and retained Zaremba Brown, PLLC, to represent him in the action.
In March 2021, Sparrow moved to establish a charging lien pursuant to Judiciary Law § 475 on a contingency basis based upon the work he performed, and, in effect, for the Supreme Court to fix the amount of the charging lien. Sparrow contended that he was entitled to the full one-third contingency fee arising from the total amount of the combined settlement offers he obtained, "as well as a portion to be determined by the Court of any legal fees obtained on any offers above [$62,500]." After a hearing, in an order entered September 15, 2021, the court awarded Sparrow the principal sum of $20,833.33 in attorneys' fees for the work he performed. A judgment entered [*2]November 9, 2021, upon the order, is in favor of Sparrow and against Messina in the principal sum of $20,833.33. Sparrow appeals from the judgment, contending that the court erred in not awarding him a charging lien on the proceeds of Messina's cause of action, and instead awarding him a money judgment against Messina. Sparrow also contends that the court should have waited until the conclusion of the action to fix the amount of his charging lien based on his proportionate share of the work performed on the whole case.
"An attorney of record who is discharged without cause possesses a charging lien pursuant to Judiciary Law § 475 which constitutes an equitable ownership of the cause of action and attaches to any recovery" (Maher v Quality Bus Serv., LLC, 144 AD3d 990, 991). Thus, under Judiciary Law § 475, "the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination."
"Although the amount of a charging lien may be determined and fixed before the outcome of the case, the charging lien does not provide for an immediately enforceable judgment against all assets of the former clients" (Jaffe v Brown-Jaffe, 98 AD3d 898, 898). "Rather, the lien is security against a single asset of the client—a judgment or settlement reached in favor of the former client in the underlying matter" (id.).
Here, since Sparrow specifically sought to establish a charging lien pursuant to Judiciary Law § 475, plus a determination as to the amount of the charging lien, and since, at the time of the hearing, the action remained pending, and, therefore, Messina's cause of action had not resulted in an outcome in his favor (see id. § 475), the Supreme Court should not have entered a money judgment against Messina (see Jaffe v Brown-Jaffe, 98 AD3d at 898).
However, contrary to Sparrow's contention, the Supreme Court did not improvidently exercise its discretion in, in effect, fixing the amount of his charging lien in the principal sum of $20,833.33. "When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, the discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (Jules v David, 210 AD3d 970, 972 [internal quotation marks omitted]; see Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658). Where "an election was not made by the outgoing attorney at the time of discharge, there is a presumption that the attorney has chosen a proportionate share of the contingency fee" (Llivicura v 101 W. 78th, LLC, 214 AD3d 862, 863; see Kokkalis v Arnstein, 173 AD3d 723, 724). "The award of reasonable attorneys' fees is a matter within the sound discretion of the court" (Ficaro v Alexander, 142 AD3d 1043, 1043; see Oz v GCPKOP, LLC, 210 AD3d 689, 690).
Here, under the circumstances, Sparrow elected to receive compensation immediately based on quantum meruit. Thus, Sparrow's contention that the Supreme Court should have waited until the conclusion of this action to calculate his fee based on his proportionate share of the work performed on the whole case is without merit (see Matter of Benjamin E. Setareh, P.C. v Cammarasana & Bilello Esqs., 35 AD3d 600, 601; Schwertz v Lawrence, 284 AD2d 443, 444; Matter of Gary E. Rosenberg, P.C. v McCormack, 250 AD2d 679, 680). In addition, the court providently exercised its discretion in, in effect, fixing Sparrow's charging lien in the principal sum of $20,833.33 (see Schwertz v Lawrence, 284 AD2d at 444).
Accordingly, we modify the judgment to reflect that Sparrow has a charging lien in the principal sum of $20,833.33 against Messina's cause of action, and not a money judgment in his favor and against Messina, and otherwise affirm the judgment.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court