Elias v Elias (2024 NY Slip Op 00803)

Elias v Elias

2024 NY Slip Op 00803

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 301067/19 Appeal No. 1651 Case No. 2023-00855 

[*1]Jamie Elias, Plaintiff-Appellant,
v
Howard Elias, Defendant. Warshaw Burstein, LLP, Nonparty-Respondent.

Coffey Modica LLP, White Plains (Joseph A. D'Avanzo of counsel), for appellant.
Warshaw Burstein LLP, New York (Eric I. Wrubel of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered January 9, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's counsel, nonparty respondent Warshaw Burstein LLP (WB), leave to withdraw and a charging lien in its favor in the amount of $227,177.11, unanimously affirmed, without costs.
The court providently exercised its discretion in finding that WB had justifiable cause to be relieved as attorney of record for plaintiff based on the irretrievable breakdown in the attorney-client relationship (see Matter of Raff & Becker LLP v Kaiser Saurborn & Muir, P.C., 160 AD3d 479 [1st Dept 2018]). Plaintiff, over a period of months, was obstinate in her refusal to cooperate with WB to prepare updated documents and a motion for interim fees from defendant, which constituted a refusal to pay reasonable fees and undermined the attorney-client relationship.
Accordingly, WB obtained an automatic right to a charging lien against any judgment or settlement reached in plaintiff's favor pursuant to Judiciary Law § 475 (see Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 219 [1st Dept 1997]). The record establishes that WB has stated an account in the principal amount of $227,177.11 (see Jaffe v Brown-Jaffe, 98 AD3d 898, 899 [1st Dept 2012]). WB demonstrated that it had entered into a retainer agreement with plaintiff and sent her regular invoices pursuant to the agreement to which she did not object. Additionally, she did not seek affirmative relief. 
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024