Matter of DeStefano v Law Offs. of William Pager (2024 NY Slip Op 05798)

Matter of DeStefano v Law Offs. of William Pager

2024 NY Slip Op 05798

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-04573
 (Index No. 85151/21)

[*1]In the Matter of Charles C. DeStefano, etc., respondent,
v
Law Offices of William Pager, appellant.

William Pager, sued herein as Law Offices of William Pager, Brooklyn, NY, appellant pro se.
Crawford DeSantis Mancuso, LLP, Staten Island, NY (Allyn J. Crawford of counsel), for respondent.

DECISION & ORDER
In a proceeding to determine and enforce an attorney's lien pursuant to Judiciary Law § 475, the Law Offices of William Pager appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated March 21, 2023. The order denied the motion of the Law Offices of William Pager, inter alia, pursuant to CPLR 4403 to reject so much of a referee's report as recommended that the petitioner receive 30% of a contingency fee and granted the petitioner's cross-motion pursuant to CPLR 4403 to confirm the referee's report.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by the Law Offices of William Pager (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605, 606); and it is further,
ORDERED that the order is affirmed, with costs.
On June 18, 2021, Alexander Banilover (hereinafter the client) allegedly was injured in a hit-and-run motor vehicle accident. The vehicle that the client had been driving at the time was insured by Government Employees Insurance Company (hereinafter GEICO). On June 30, 2021, the client retained the Law Offices of William Pager (hereinafter Pager) to represent him in his claim for no-fault insurance benefits under the relevant GEICO policy. Pursuant to its retainer agreement with the client, Pager was to be compensated on a contingency fee basis for one-third of the sum recovered on behalf of the client.
On July 22, 2021, the petitioner, Charles C. DeStefano, was retained by the client for the same subject matter and at the same contingency fee rate. By letter dated July 29, 2021, DeStefano informed Pager that Pager had been discharged by the client and requested that Pager execute a consent to change attorney form. On or around August 11, 2021, DeStefano accepted a settlement offer from GEICO on the client's behalf.
Thereafter, DeStefano commenced this proceeding to determine and enforce an attorney's lien pursuant to Judiciary Law § 475. The matter was referred to a special referee, who, after a hearing, recommended that Pager receive 70% of the contingency fee and DeStefano receive [*2]30% of the contingency fee. Pager then moved pursuant to CPLR 4403 to reject so much of the referee's report as recommended that DeStefano receive 30% of the contingency fee and for an award of 100% of the contingency fee. DeStefano cross-moved pursuant to CPLR 4403 to confirm the referee's report. In an order dated March 21, 2023, the Supreme Court denied Pager's motion and granted DeStefano's cross-motion. Pager appeals.
"The calculation of an award of legal fees as a portion of a contingent fee and based on an hourly rate are both properly fixed as quantum meruit determinations" (Tucker v Schwartzapfel Lawyers, P.C., 196 AD3d 527, 529 [internal quotation marks omitted]). "In fixing an award of legal fees in quantum meruit, a court should consider evidence of the time and skill required in the case, the complexity of the matter, the attorney's experience, ability, and reputation, the client's benefit derived from the services, and the fee usually charged by attorneys for similar services" (id. [internal quotation marks omitted]; see Tirado-Sottosanyti v Crowley, 220 AD3d 820, 822). "The award of reasonable attorneys' fees is a matter within the sound discretion of the court" (Messina v Wedderburn, 222 AD3d 741, 743 [internal quotation marks omitted]).
"CPLR 4403 provides that 'upon the motion of any party . . . , the judge required to decide the issue may confirm or reject, in whole or in part, . . . the report of a referee to report'" (U.S. Bank N.A. v Maher, 219 AD3d 1372, 1374, quoting CPLR 4403 [alterations omitted]). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768; see U.S. Bank N.A. v Maher, 219 AD3d at 1374). Nonetheless, "[t]he referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Citimortgage, Inc. v Kidd, 148 AD3d at 768).
Here, the referee's recommendation that DeStefano should receive 30% of the contingency fee was substantially supported by the record (see U.S. Bank N.A. v Dallas, 212 AD3d 680, 681). Accordingly, the Supreme Court providently exercised its discretion in denying Pager's motion pursuant to CPLR 4403 to reject so much of the referee's report as recommended that DeStefano receive 30% of the contingency fee and for an award of 100% of the contingency fee and granting DeStefano's cross-motion pursuant to CPLR 4403 to confirm the referee's report (see Messina v Wedderburn, 222 AD3d at 743; Tirado-Sottosanyti v Crowley, 220 AD3d 820, 823).
In light of the foregoing, we need not reach DeStefano's remaining contentions.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court